Dickman, J.
The plaintiff in error, Mary E. Bartol, under the name of Mary E. Fleming, then a femme sole, recovered a judgment against the defendant in error, Thomas *39 Thompson Eckert, on the 17th day of December, 1845, in the court of cpmmon pleas of Wayne county, Ohio, for the sum of $2,250.00, with costs. On the 24th day of May, 1850, execution was duly issued upon the judgment, and returned without being satisfied. Subsequently, on the 23d day or February, 1858, in a proceeding by motion to revive the same judgment, the judgment for damages and costs was revived in the name of Mary E. Bartol plaintiff, she then having become a married woman under that name.
After the revivor in the j^ear 1858, no action was taken upon the judgment until the present proceeding was begun in the court of common pleas of Wayne county, upon a motion filed September 24, 1885, setting forth that the judgment had become dormant, and asking that it might be again revived.
Upon affidavit that the defendant was a non-resident of the state of Ohio, an order was made in the action, that the dormant judgment be revived, unless sufficient cause be shown to the contrary; and the defendant was thereupon notified by publication, to appear and answer the motion for an order of revivor, and show cause why the judgment should not stand revived.
The defendant filed an answer to the conditional order of revivor, setting forth two defenses; first, that the motion to revive was not made within twenty-one years after the judgment became dormant; and second, that the motion was not made within one year after the judgment became dormant.
To the first defense in the answer the plaintiff replied: first, that on the 23d day of February, 1858, and ever since then, the defendant was and had been a non-resident of the county of Wayne, and state of Ohio, and absent therefrom during all that period, in parts unknown to the plaintiff until a short time prior to the commencement of this proceeding; and second, that before, and at the time the judg.ment had become dormant and was revived in the year 1858, and from thence until the year 1876, the plaintiff was and had been continuously a married woman, subject to the disabilities of coverture.
*40 To the second defense in the answer a demurrer was sustained. The defendant filed a demurrer to the reply of the plaintiff, and the court sustained the demurrer, on the ground, that the statute of limitations of twenty-one years, as set up in the answer of the defendant, was a bar to the plaintiff’s right of revivor of the judgment, and refused to order that the same stand revived, as asked for by the plaintiff in her motion. To this action of the court the plaintiff excepted, and prosecuted a petition in error in the circuit court. The circuit court affirmed the judgment and proceedings of the court of common pleas; and to this action of the circuit court error is prosecuted in this court.
The only question, therefore, presented by the record for our determination, which we deem material, is, whether the right of the plaintiff to revive her judgment was barred in twenty-one years from the 23d day of February, 1863—the time when it became dormant. When it became dormant after its revivor in 1858, there was no statute of limitations in this state against the revivor of a judgment. But on March 31, 1876, (73 Ohio Raws, 148), an act was passed which provided: “That in any case in which a judgment has been or may hereafter be rendered in any court, whether a court of record or not, and such judgment is or shall hereafter become dormant, action can only be brought to revive the same within twenty-one years after it became dormant, except the person entitled to bring such action be at the same time such judgment become dormant, within the age of twenty-one, insane, or imprisoned, every such person shall be entitled to bring such action within fifteen years after such disability shall be removed.”
This act came under revision in May 1878, (75 Ohio Raws) 676), and was carried into the Revised Statutes of 1880, as sec. 5368, which reads as follows: “No action shall be brought to revive a judgment after twenty-one years after it becomes dormant, unless the party entitled to bring such action was, at the time the judgment became dormant, within the age of t-wenty-one years, insane, or imprisoned, in which cases the action may be brought within fifteen years after the disabilitj' has ceased.”
*41 It is thus provided by the original act, that when “a judgment is or shall hereafter become dormant, action can only be brought to revive the same within twenty-one years after it became dormant”; while, by section 5368, “no action shall be brought to revive a judgment after twenty-one years after it becomes dormant." If it was intended by that section to apply the statutory limitation prospectively—only to judgments that might become dormant after its enactment, and not, as in the act of 1876, to judgments that were dormant at the time of its passage, the proceeding to revive the judgment under consideration would, nevertheless, be governed by the act of 1876. When a statute is repealed or amended, such repeal or. amendment cannot affect a cause of proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act. Section 79, Revised Statutes. The act of 1876, when it took effect, was obviously applicable to the judgment sought to be revived in this case, and which became dormant in the year 1863. The right to revive that judgment was barred bjr the act, in twenty-one years after thus becoming dormant, and the limitation imposed by the act regulated the cause of proceeding under the same. But there is nothing in section 5368, as it stood in 1880, that expressly indicates an intention to change the limitation for the revivor of any judgment to which the act of 1876 applied at the time of its enactment, or of its amendment or repeal.
It is contended, however, that conceding that the law of 1876 is applicable to, and controls the revivor of the judgment recovered by the plaintiff, it was retroactive, or retrospective in its provisions, and therefore, in conflict with section 28 of article 2 of the constitution of Ohio. Courts will not declare a statute void, unless the nullity and invalidity of the act are placed, in their opinion beyond all reasonable doubt; °and until so placed, it is but a decent respect due to the wisdom, the integrity, and the patriotism of the legislative body by which any law is passed, to presume in favor of. its validit}r. Ogden v. Saunders, 12 Wheat. 213.
*42 In Rairden v. Holden, 15 Ohio St., 207, this court cited with approval Judge Story’s definition of a retrospective statute, as found in The Society v. Wheeler, 2 Gall. 139, viz:
“Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed, must be deemed retrospective.” In the present case, no vested right of the plaintiff has been taken away or impaired, nor has the plaintiff been subjected to any illegal disability by the statute. She had her day in court to prosecute the original action—her remedy by due course of law, as ordained in the constitution—and recovered judgment against the defendant. It is well settled, that a party to a suit has no vested right to an appeal, or writ of error from one court to another. In Lafferty v. Shinn, 38 Ohio St., 46, it is stated that in the right to appeal to the courts, there is not involved a further right to appeal from the judgment of the court to which such application for redress is made; on the contrary, that a right to appeal from such judgment exists only when given by statute; that such right to appeal, when so given, may be taken away by statute, even as to cases pending on appeal; and that the same thing is true with us as to proceedings in error. See Com. v. Messenger, 4 Mass. 469; Ex parte McCardle, 7 Wall. 506; The Marinda v. Dowlin, 4 Ohio St., 500; Railroad Company v. Grant, 98 U. S. 398. We see no satisfactory reason why a different rule should be applied to the revivor of a dormant judgment, the recovery of which implies that there has been a previous recourse to the courts, and that due process of law has been invoked.
In fact, after the act of 1876 took effect, the plaintiff had over seven j^ears within which to institute proceedings to revive the dormant judgment; and after the year 1876, she was no longer under the disability of coverture. And recognizing the principle that statutes of limitation should allow a reasonable time after thej>- take effect for the commencement of suits upon existing causes of action, the *43 opportunity had by the plaintiff to begin proceedings after the act took effect, would have been manifestly reasonable and sufficient, even if the limitation had referred to the commencement of the original action. But, the limitation in the statute did not go to the merits of the action—to the establishment of a contested right—but to a remedy for the enforcement of a right already established. When an alleged conflict between a statute and the constitution is not clear, the implication must always exist that no violation was intended by the legislature. And so, as said by the court, in Newland v. Marsh, 19 Ill. 384, “acts of the legislature having elements of limitation, and capable of being so applied and administered,'although the words are broad enough to and do, literally read, strike at the right itself, will be construed to limit and control the remedy; for as such they are valid, but as weapons destructive of vested rights, they are void, and such force only will be given the acts as the legislature could impart to them.”
The argument advanced that the limitation of the statute does not operate to bar the right of revivor of the judgment, for the reason, that the defendant was a non-resident of and absent from the county and state as alleged, and that the plaintiff labored under the disability of being a married woman from the year 1858 until the year 1876, cannot, in our view, avail. The act of 1876 does not embrace absence from the county or state, or the disability of coverture, among the disabilities therein mentioned. Under section 4989 of the Revised Statutes, if, when the original cause of action accrued to the plaintiff against the defendant, the defendant was out of the state, the period limited for the commencement of her action would not have begun to run until he came into the state; and if, after the cause of action accrued, he had departed from the state, the time of his absence would not have been computed as any part of the period within which the action must have been brought. But, the statute contemplates two different objects—one the revivor of a dormant judgment, and the other the commencement of an action. To each object, distinct disabilities are attached, and we discover no grounds for interpolating into the law *44 regulating the revivor of judgments, disabling provisions which have not been placed there by the legislature. Besides, such absence of the defendant has not prevented the plaintiff from effectively instituting proceedings of a revivor, for, it has been competent to her for that purpose, to make due and legal service upon the defendant by publication. Act of March 10, 1860, S. & C. 1061; Act of April 16, 1867, S. S. 562; sec. 5367, Revised Statutes, 1880.
It is urged, however, in behalf of the plaintiff, that under the statute, dormant judgments may be revived either by motion and conditional order, in the manner prescribed for reviving actions before judgment, or by action; that the twenty-one years limitation applies only to a revivor by action, and not by motion and conditional order, the mode adopted in the present case.
Original sec. 417 of the code of civil procedure provided: “If a judgment become dormant, it may be revived in the same manner, as is prescribed for reviving' actions before judgment.” By the act of April 16, 1867 (S. & S. 562), this section was amended by adding the words, “or by petition setting forth the judgment and the amount due thereon, and asking that the same be revived against the adverse party, on which petition a summons shall issue, and be served and returned as in other cases.”
For these amendatory words, the words, “or by action,” of substantially the same import, were substituted in sec. 5367 of the Revised Statutes (1880), which provided that, “when a judgment becomes dormant, it may be revived in the same manner as prescribed for reviving actions before judgment, or by action; * * * and the lien of the judgment shall operate from the time of the entry of the conditional order, or the filing of the petition.”
We have been unable to reach the conclusion that, in the revivor of judgments, because the act of 1876 provided that, “action can only be brought to revive the same within twenty-one years after it became dormant,” it was the intention of the legislature to impose no limitation upon the revivor of dormant judgments by motion and conditional order. We think the obvious design. was to fix upon *45 twenty-one years, as the period within which dormant judgments could be revived, whether by motion and conditional order, or by action, so called.
In Misner v. Misner, 41 Ohio St., 678, where there was a revivor of a dormant judgment by petition, under the act of April 16, 1867, this court held, that the petition and summons did not make a new action, but were only additional proceedings in the original action. The two methods of revivor are analogous; the procedure in the two is similar; in neither is there a new inquiry into the merits of the suit. The word “action,” in the act of 1876, is not, we conceive, to be taken in a technical sense, as corresponding with “civil action,” under the code of civil procedure, but rather as signifying additional proceedings in the original action, authorized for the purpose of reviving a judgment. The application of the term “action” to a proceeding will not make it a “civil action” under the code of procedure, unless it has the same attributes and functions. Thus “the power given to courts of record to vacate or modify their own judgments or orders, after the term at which they were made, does not confer original jurisdiction. The power thus conferred is only that of further proceedings, for the causes enumerated, in an action after judgment; andaré, therefore, merely special proceedings in an action, and are not an original action, or the ‘civil action provided by the code.’” Coates v. Chillicothe, 23 Ohio St., 431. But to designate such proceedings by the word “action,” would not change their inherent character. Eor the aforegoing reasons, we are of opinion that the judgment of the circuit court and of the court of common pleas should be affirmed.

Judgment accordingly.