## HARRISON *v.* SMITH.

STATUTE — *conferring jurisdiction by appeal — effect of repeal.* The act of 1872 (9 Sess. 105), so far as it applies to the probate court of Arapahoe county, was repealed by the act of 1874 (10 Sess. 217).

And upon the passage of the act of 1874, an appeal pending in the district court of Arapahoe county, from a judgment of the probate court of the same county, was properly dismissed.

*Error to District Court, Arapahoe County.*

THE facts are stated in the opinion.

Mr. W. S. DECKER and Mr. T. GEORGE, for plaintiff in error.

Mr. ORRIS BLAKE, for defendant in error.

STONE, J. On the 27th day of January, 1874, judgment was rendered in the probate court of Arapahoe county, against the plaintiff in error for costs, and on the same day the plaintiff in error prayed an appeal to the district court of Arapahoe county, which was allowed upon his filing an appeal bond. On the 30th day of January, 1874, he filed his appeal bond, which was approved.

The transcript of the proceeding in said cause in the probate court was filed in the district court of Arapahoe county, and the cause was entered upon the docket of that court.

The court, on motion of counsel for appellee, dismissed the appeal.

The dismissal of the appeal is the error complained of in this case.

By the second section of an act of the territorial legislature, entitled "An act concerning probate courts," approved January 31, 1872, an appeal was allowed from the final judgment or decision of any probate court to the district court of the county. Acts 1872, p. 105.

By a subsequent act of the legislature, approved February 13, 1874, entitled "An act concerning the probate court of Arapahoe county," the act of January 31, 1872, was repealed so far as the same might apply to the probate court of Arapahoe county. It is conceded that the act of February 13, 1874, repealed the act of January 31, 1872, and took effect from and after its passage, and that the repealing act contained no saving clause as to causes pending.

The question to be considered is the effect of this repeal of the act of January 31, 1872, as to causes pending. The right of an appeal from the probate court of Arapahoe county to the district court of Arapahoe county, was a statutory right.

It was by virtue of the act of the territorial legislature of January 31, 1872, that the district court acquired jurisdiction of appeal causes from the probate court. Without jurisdiction, the court had no power to proceed in any case. The repeal of a statute conferring jurisdiction takes away all

right to proceed under the repealed statute, even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute. *Illinois & Michigan Canal* v. *City of Chicago*, 14 Ill. 334; *Butler* v. *Palmer*, 1 Hill. 324; *Langdon* v. *Applegate*, 5 Ind. 327; *Rex* v. *Justices of the Peace for the city of London*, 3 Burr. 1456.

The rule, as we think, applicable to this case is very forcibly expressed by Lord Chief-Justice TINDAL, in the case of *Kee* v. *Goodwin*, 4 Moore & P. 341. He said: "I take the effect of a repealing statute to be to obliterate the statute repealed as completely from the records of parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and *concluded* while it was an existing law."

Dwarris expresses the result of the cases in this way: "When an act of parliament is repealed, it must be considered, except as to those transactions past and closed, as if it never existed." Dwarris on Statutes, 676. Pending judicial proceedings based upon a statute fall on its repeal. *Remington* v. *Smith*, 1 Col. 53. "Jurisdiction is power to declare the law, and where it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case, and this is no less clear upon authority than upon principle." Opinion of Chief-Justice CHASE, *Ex parte McArdle*, 7 Wall. 514. It is well settled by authority that "when a statute gives a right in its nature not vested, but remaining executory, if it does not become executed before a repeal of the law, it falls with it, and cannot, therefore, be enforced." *Bailey & Gilman* v. *Mason*, 4 Minn. 551; Sedgwick on Stat. and Const. Law, 108.

The right of appeal is a right which relates to the remedy, and what relates to the remedy is at the present day understood to be at the mercy of legislation. The legislation may be hasty and ill-advised, as in this case perhaps it was, in omitting in the repealing act a saving clause as to pending cases, but with that we have no concern. The act of February 13, 1874, repealed the act of January 31, 1872. The

act of 1872 was an act conferring jurisdiction. It being repealed takes away all right to proceed under it, even in suits pending at the time.

The motion to dismiss the appeal was properly granted, and the judgment of the district court is

*Affirmed.*