## CALLAHAN ET AL. V. JENNINGS.

1. DISMISSAL OF APPEAL — SPECIAL APPEARANCE.— The entry of a special appearance for the purpose of moving to dismiss an appeal, even though different grounds of dismissal are urged, is not a general appearance.

2. ORDER GRANTING APPEAL AIDED BY APPEAL BOND.— An order by the county court granting an appeal and fixing a time for filing the appeal bond is necessary. But when such order is silent as to whether the appeal is allowed to the district or supreme court, and a bond properly conditioned is approved and filed perfecting the appeal to the former court, it will be presumed that the proceeding was regular and the appeal will be sustained, even though the order also specifies time for filing a bill of exceptions.

3. REPEAL OF STATUTE ALLOWING APPEALS — PENDING CAUSES, HOW AFFECTED.— A statutory right to have cases reviewed on appeal may be taken away by a repeal of the statute even as to causes which have been previously appealed.

4. APPLICATION OF ABOVE RULE.— The foregoing principle applies to causes pending on appeal for trial *de novo* as well as to those taken up for review. And such repeal may be implied as well as express.

5. DOCTRINE OF IMPLIED REPEALS.— But the doctrine of implied repeals should in such cases be recognized with greater reluctance, if possible, than in cases where vested property rights are acquired under statutes repealed.

6. APPEAL FROM COUNTY TO DISTRICT COURT A STATUTORY RIGHT ONLY.— There is no constitutional right to an appeal from the county court to the district court; such right exists only when the legislature has expressly or by clear implication declared in its favor.

7. TITLE OF ACT, CONSTRUCTION OF.— The title, " An act to amend sections 16 and 17," does not authorize or permit the express repeal of those sections.

8. CONSTRUCTION OF STATUTE — WHEN VALID PORTION MAY STAND. Under proper conditions, the void portions of a section or act may be rejected and the valid portions be permitted to stand.

9. AMENDING STATUTE. — A statute can only be constitutionally amended by re-enacting and publishing at length the portions affected by the amendment.

10. CONSTRUCTION OF AMENDED ACT — OLD AND NEW PROVISIONS.— When thus amended, no repeal of the portions retained has taken place. The original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect.

*Appeal from District Court of El Paso County.*

Mr. T. J. O'DONNELL, for appellants.

Messrs. CAMPBELL & McINTYRE, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

This suit in replevin was begun in the county court. Judgment was there rendered for a return of the property in controversy, or if such return could not be had, for the value thereof, fixed at the sum of $600. Appellants, who were defendants below, subsequently appeared, and, their motion for a new trial being overruled, gave notice of an appeal, without, however, specifying in the notice whether such appeal was desired to the district or supreme court. The county court thereupon entered an order "that said appeal be allowed and defendants have twenty days to file their appeal bond in the sum of $1,500, and bill of exceptions." Within the time thus specified, defendants tendered, and the proper officer approved and filed, an appeal bond in the sum mentioned by the order, conditioned according to the law regulating appeals to the district court.

Thereafter, the necessary transcript and papers having been filed in the district court, appellee, who was plaintiff below, appeared and moved to dismiss the appeal. This motion was sustained and the appeal dismissed. To review the action of the district court in the premises the present appeal was taken. The act of 1885 providing for appeals to this court being then in force, the review may take place though the judgment challenged was for costs only.

The motion filed in the district court did not constitute a general appearance, as counsel for appellants contend. It recites "that plaintiff herein enters his special appearance in this action for the purpose of this motion, and for such purpose only, and moves the court to dismiss the appeal taken." The fact that different grounds for dismissal were then specified did not change the character of the special appearance, to which the motion was limited. These grounds all bore upon the regularity and sufficiency of the steps taken in attempting to perfect the appeal to the district court, and its jurisdiction through the appeal to try the cause. Every allegation therein was directed to the

same end, viz., the dismissal of the appeal. It would indeed be a paradoxical ruling that should hold the appearance of a party specially for the purpose of dismissing an appeal to constitute such a general appearance as waives the right to the dismissal prayed for. *Law v. Nelson*, 14 Colo. 409.

The appeal in question was taken under section 499, General Statutes 1883. All requirements of this section appear ·to have been complied with. The mere fact that the application did not specify the court to which the appeal was desired is not fatal. Nor is the further fact, that the court in entering the order granting the appeal and fixing the time for filing the bond added a phrase providing for a bill of exceptions, decisive against the appeal. Such orders are undoubtedly necessary official acts; but when they are silent as to whether the appeal is to the district or supreme court, if, within the time specified, a bond properly conditioned be approved and filed perfecting an appeal to the district court, the presumption of regularity ordinarily attaching to the proceedings of courts of record will be indulged. The incidental circumstance that the order in the present case was broad enough to permit an appeal to the supreme court should not be held to invalidate the appeal actually taken. The original appeal, therefore, was in our judgment sufficiently perfected, and the cause was pending for hearing in the district court.

. This brings us to the main contention in the present case, viz.: That the section above mentioned under which the appeal was prosecuted was repealed before the cause was called for trial in the district court. If this be true, and if there is no saving clause in the act, the appeal, *provided it was purely a statutory right*, fell, and the court was left without jurisdiction save to enter the order of dismissal. " A statutory right to have cases reviewed on appeal may be taken away by a repeal of the statute, even as to causes which have been previously appealed." Cooley's Const. Lim., sec. 474; Sedgwick on Stat. Construction, pp. 108–16,

notes; *Ex parte McCardle,* 7 Wall. 506. The principle applies to causes pending on appeal for trial *de novo* as well as to those taken up for review. *Smith v. The District Court,* 4 Colo. 235; *Harrison v. Smith,* 2 Colo. 625.

We cannot concede the correctness of counsel's position that appeals from the county to the district court are a constitutional right. The language of the constitution is: "Appeals may be taken from county to district courts or to the supreme court in such cases and in such manner as may be prescribed by law. Writs of error shall lie from the supreme court to every final judgment of the county court, * * *." The provision does not declare that appeals may be taken from all final judgments of the county court. It is only with reference to writs of error from the supreme court that the language is thus comprehensive. It is left for the legislature to prescribe the kinds or classes of cases in which appeals shall lie, as well as to provide the manner of perfecting them. If counsel's assertion that the provision was intended to confer absolutely the *right* to the appeal, simply leaving to the legislature the duty of prescribing the manner of taking the same, were correct, the phrase "in such cases" would perform no office and would undoubtedly have been omitted. The employment of the word "may" instead of the word "shall" tends to show an intent to make the privilege permissive, not absolute. And when coupled with the phrase "in such cases," it settles beyond doubt the construction to be given. The right in question exists only when the legislature has expressly or by clear implication declared in its favor. *People ex rel. v. Richmond et al., ante,* p. 274.

If, therefore, it be true that the statute under which the appeal in the present case to the district court had been perfected was repealed without a saving clause, the right to a trial *de novo* in the latter court was revoked, and its action in dismissing the appeal must be sustained. It is asserted that such repeal was accomplished by the act adopted in 1885, found on page 159, Session Laws of that year.

Appellants do not contend that this act contained a saving clause; so our inquiry is narrowed to the single question of repeal.

The title of the statute of 1885 is not challenged as unconstitutional, and we shall assume, without argument, that it may fairly be treated as if reading: "An act to amend sections 16 and 17 of chapter 22 of the General Statutes of the state of Colorado." Thus, it will be observed, this title expressly provides for the *amendment* of sections 16 and 17 of the former act. It does not contemplate the *repeal* of section 16, under which the appeal to the district court was taken. It follows, therefore, that in so far as the introductory words in the body of the act tend to recognize an express repeal of this section, they are void. But it does not follow that on this account the whole act is unconstitutional. For under proper conditions the void portion of a statute may be rejected and the valid portions be permitted to stand.

It becomes important to determine whether the new law can so operate as to repeal section 16 by implication; because the principle under consideration relates to implied as well as to express repeals. We preface the discussion of this particular subject with the observation that the doctrine of implied repeals should be recognized with even greater reluctance here than under ordinary circumstances. Vested property rights, contractual or otherwise, acquired under a statute, are protected, notwithstanding the repeal of the statute. But in cases like the present, while the actual injury may be as great, upon the repeal the privilege of continuing pending proceedings authorized by the statute repealed is, as already observed, denied.

As will presently appear, it is unnecessary to consider the constitutional objection, if such there be, to recognizing an implied repeal under a title providing for amendment only. The constitution, section 24, article 5, expressly provides that statutes shall be amended only by re-enacting and publishing at length the portions affected by the amend-

ment.  The intent and wisdom of this provision are obvi-
ous.  It was framed for the purpose of avoiding confusion,
ambiguity and uncertainty in the statutory law through
the existence of separate and disconnected legislative pro-
visions, original and amendatory, scattered through differ-
ent volumes or different portions of the same volume.  This
constitutional provision settles beyond peradventure the
effect of amending a law with the introductory phrase,
" so as to read as follows," or any other language showing
clearly the intent only to amend.  When a statute is thus
amended it is not accurate to say that a repeal thereof has
taken place.  Such a result was not contemplated by the
framers of the constitution.  The original provisions, in so
far as they re-appear in the amended act, are to be regarded
as " having been the law since they were first enacted, and
the new provisions are to be understood as enacted at the
time the amended act took effect."  *Ely et al. v. Holton*, 15
N. Y. 595; *Moore v. Mausart*, 5 Lansing, 173; *In re Miller*,
110 N. Y. 216; *People v. Briggs*, 114 N. Y. 56.

With the foregoing preliminary suggestions, let us care-
fully examine the act of 1885, through which the alleged
repeal is claimed to have taken place.  Our inquiry is, of
course: What was the legislative purpose in its enactment?
We start with the observation, already in effect recorded,
that this intent, so far as the title can be indicative thereof,
was to *amend* sections 16 and 17, not to *repeal* them.

The act in question contains five sections.  These five
sections cover the precise ground originally covered by the
sections 16 and 17 mentioned in the title.  Section 5 deals
with procedure in the district court, after the jurisdiction
of that court to try the cause *de novo* has attached by vir-
tue of the appeal.  This was the office of said section 17.
The remaining provisions first expressly confer the *right* of
appeal, and then prescribe the method to be pursued in ob-
taining and perfecting the appeal, together with the penalty
for non-compliance therewith.  These were the functions
of said section 16.  Important changes are made and new

requirements are introduced. The procedure, especially that part of it originally covered by section 16, is more fully and carefully outlined. But applying to the act a liberal interpretation, for the purpose of effectuating the real legislative intent, it may fairly be said that the substance of the original sections is retained, being supplemented by amendatory provisions germane to the same general subject.

There is, in our judgment, no reasonable doubt but that the legislative purpose, as gathered from the body of the act, is correctly and accurately described by its title. And in view of section 24, article 5, of the constitution, above mentioned, coupled with the rule of construction stated in *Ely v. Holton, supra*, we shall hold that section 16 was not so abrogated or affected as to warrant the judicial declaration that appeals properly pending in the district court when the act of 1885 took effect became lifeless and subject to dismissal for the want of jurisdiction.

The judgment of the court below is reversed.

*Reversed.*