GOWEN v. BUSH. DAVISON v. GIBSON. ST. LOUIS & S. F. RY. CO. v. BARKER.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1896.)

Nos. 535, 605, 615.

CIRCUIT COURTS OF APPEALS—JURISDICTION—EFFECT OF CHANGE ON PENDING APPEALS.

  Act March 1, 1895 (28 Stat. 693, c. 145), creating a court of appeals for the Indian Territory, containing no clause saving the jurisdiction of the circuit court of appeals for the Eighth circuit over pending appeals and writs of error, the latter court has no power to hear and determine any cases coming from the United States court in the Indian Territory which were pending and undetermined on its docket on March 1, 1895.

In Error to the United States Court in the Indian Territory.

J. W. McLoud, for plaintiff in error Gowen.

William H. H. Clayton (James Brizzolara, James B. Forrester, and James Parks were with him on brief), for defendant in error Bush.

S. B. Dawes (S. S. Fears was with him on brief), for plaintiff in error Davison.

William T. Hutchings (Nathan A. Gibson was with him on brief), for defendant in error Gibson.

P. L. Soper (Edward D. Kenna was with him on brief), for plaintiff in error St. Louis & S. F. Ry. Co.

R. Sarlls, for defendant in error Barker.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.    In the above-entitled cases the several writs of error were sued out before the act of March 1, 1895 (28 Stat. 693, c. 145), creating a court of appeals for the Indian Territory, and giving it appellate jurisdiction over the United States courts in that territory, took effect.    The several writs of error now in question were therefore properly sued out and returned to this court.    But the cases had not been heard when the act of March 1, 1895, went into operation.    The point is now made that, inasmuch as the act of March 1, 1895, contains no saving clause reserving to this court the power to hear and decide such cases coming from the United States court in the Indian Territory as might be pending and undetermined at the time the act of March 1, 1895, took effect, this court is now without power to hear and decide such cases.    We are constrained to hold that this point is well taken.    The act of March 1, 1895, unquestionably deprived this court of the appellate jurisdiction theretofore exercised over the United States court in the Indian Territory, and it contained no express reservation of power to hear and decide such cases as might be pending when the act in question took effect.    The case is therefore on all fours with Railroad Co. v. Grant, 98 U. S. 398, where it was held that when the jurisdiction of an appellate court over cases coming from an inferior court is taken away by statute, the statute operates to deprive it of the power to hear and decide cases already pending on its docket which came from such inferior court, unless the power to hear and decide such cases is expressly reserved.    With reference to this question Mr. Chief Justice Waite said:

"A party to a suit has no vested right to an appeal or a writ of error from one court to another.    Such privilege, once granted, may be taken away, but, if taken away, pending proceedings in the appellate court stop just where the rescinding act finds them, unless special provision is made to the contrary.    The Revised Statutes gave parties the right to remove their causes to this court by writ of error and appeal, and gave us the authority to re-examine, reverse, or affirm judgments or decrees thus brought up.    The repeal of that law does not vacate or annul an appeal or writ already taken or sued out, but it takes away our right to hear and determine the cause if the matter in dispute is less than the present jurisdictional amount.    The appeal or the writ remains in full force, but we dismiss the suit, because our jurisdiction is gone."    See, also, Butler v. Palmer, 1 Hill, 324.

In view of this decision it seems obvious that this court has no power to hear and decide any cases coming from the United States court in the Indian Territory that were pending and undetermined on its docket on March 1, 1895.    Following the practice indicated in Railroad Co. v. Grant, supra, the writs of error in each of the above-entitled cases will be dismissed, each party to pay his own costs.