### CAMPBELL et al. v. IRON-SILVER MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. November 22, 1897.)

No. 923.

**1.** CONSTITUTIONAL LAW — RETROSPECTIVE LEGISLATION — NEW TRIALS AS OF RIGHT.

The Colorado act amending the previous law so as to allow but one, instead of two, new trials, as of right, in ejectment suits (Laws 1895, pp. 141, 142), is not retrospective legislation, void under the state constitution, as applied to an action then pending, in which one new trial is had, as of right, long after the date of the act. The amendment therefore controls subsequent proceedings in pending suits, except in cases wherein a verdict was standing, which a party was entitled to have set aside, as of right, when the act took effect.

**2.** SAME—VESTED RIGHTS.

A statute giving two new trials as of right in ejectment suits confers, not a vested right protected by constitutional guaranties, but a mere privilege,

pertaining to the remedy, which may be legally taken away by the legislature, as to pending suits, except in cases wherein a verdict is standing which a party is entitled to have set aside when the act takes effect.

In Error to the Circuit Court of the United States for the District of Colorado.

Peter Campbell and others, the plaintiffs in error, sued the Iron-Silver Mining Company, the defendant in error, on July 5, 1884, in a proceeding by ejectment. The suit was first tried, and the plaintiffs recovered a judgment, on May 21, 1885. This judgment was reversed by the supreme court of the United States on April 28, 1890. Mining Co. v. Campbell, 135 U. S. 286, 10 Sup. Ct. 765. The case was again tried on April 3, 1893, pursuant to the order of reversal, and the plaintiffs recovered a second verdict and judgment. Before the succeeding term, the defendant paid the costs, and applied for a new trial as of right, under the provisions of section 272 of the Colorado Code of Procedure, hereafter quoted. This application was denied by the circuit court, but, upon a writ of error prosecuted to this court, the judgment below was reversed on May 7, 1894, and the case was remanded for a new trial, pursuant to the Colorado statute. Mining Co. v. Campbell, 27 U. S. App. 65, 10 C. C. A. 172, and 61 Fed. 932. The case was again tried in the circuit court, pursuant to the order of this court, on June 16, 1896; and upon such third trial of the case the jury rendered a verdict in favor of the defendant company, and upon such verdict a judgment was duly entered. The plaintiffs then paid the costs before the succeeding term of the circuit court, and thereupon filed their motion to obtain a new trial as a matter of right, under the statute. This latter motion was overruled by the circuit court, and the case has been brought before this court by a writ of error, to obtain a review of the action of the trial court in denying the application of the plaintiffs for a new trial as a matter of right. Section 272 of the Colorado Code of Procedure, which was in force when this action was instituted, and which remained in force, without amendment, until July 12, 1895, is as follows: "Whenever judgment shall be rendered against either party under the provisions of [this] chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case; *and neither party shall have but one new trial in any case as of right without showing cause.* * * *" On April 13, 1895, the aforesaid section was amended by an act of the legislature of the state of Colorado, which took effect July 12, 1895. Laws Colo. 1895, pp. 141, 142. The amendment consisted in striking out the clause of the section which has been italicized, and inserting in lieu thereof the following language: "But only one new trial shall be granted in any case as of right without showing cause."

E. F. Richardson (T. M. Patterson, H. N. Hawkins, and Clinton Reed, on the brief), for plaintiffs in error.

Joel F. Vaile (Edward O. Wolcott, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It will be observed from the foregoing statement that one new trial was had in the case at bar, as of right, on June 16, 1896,—nearly a year after the amendatory act of April 13, 1895, was passed and became operative. The case falls, therefore, within the language of said act; and the general question to be determined is whether the act of April 13, 1895, should be construed as applicable to pending cases, or as solely applicable to suits for possession of real property

brought after the act took effect. It is contended by the plaintiffs, in substance, that the act in question is not applicable to suits which were pending at the date of its passage, because, if thus applied, it would have a retroactive effect in violation of article 2, § 11 of the Colorado constitution, which prohibits the enactment of laws that are "retrospective in their operation"; and, second, because the amendatory act, if held applicable to pending suits, and particularly to the case at bar, would destroy vested rights. Both of these contentions would have great weight if it appeared that an adverse verdict had been rendered, and was standing on July 12, 1895, when the amendment took effect, and if the amendment was invoked to prevent the plaintiffs from having that verdict set aside without showing cause. In that event it might well be claimed that the amended act, if thus applied, would have a retrospective operation, and take away a right already vested under the prior law. But the conditions last mentioned did not exist when the act in question took effect, and it was then problematical whether they ever would exist. A new trial as of right was had on June 16, 1896, and it is that trial, which occurred 11 months after the amendment, that is invoked to prevent another trial except for cause shown. The act, as applied to the case in hand, operates upon a state of facts which came into existence subsequent to its passage; and, as thus applied, it would seem to be no more retrospective, or unjust or unfair in its operation, than it would be if applied to a suit brought after its passage to recover the possession of real property upon a cause of action which existed when the act took effect. Mellinger v. City of Houston, 68 Tex. 37, 45, 46, 3 S. W. 249.

It is urged, however, that the statute in force when this suit was filed, to wit, section 272, above quoted, which allowed one new trial to each party on the payment of costs, without showing cause, created a vested right, of which a litigant could not be deprived by an amendment of the statute after a suit had been brought. With reference to this contention, it may be said that section 272 is found in the Colorado Code of Civil Procedure, and is unquestionably a provision relating to the remedy for the enforcement of a certain civil right. It confers a privilege on litigants, in a certain class of civil suits, which the legislature was at liberty either to grant or to withhold. It is to be observed, further, that the privilege in question does not appertain to suits brought for the enforcement of private contracts, but applies solely to a class of actions which sound in tort; and for that reason it is apparent that the withdrawal of the privilege by the legislature could not, in any event, operate to impair the obligation of a contract. Now, the rule is well settled, by a great number of adjudications, that no one has a vested interest in any particular remedy for the enforcement of a right. The remedies which one legislature may have prescribed for the redress of private wrongs, a subsequent legislature can change or modify at pleasure, and make the new remedy applicable to pending controversies, provided a substantial or adequate remedy is left, and provided, further, that the legislature is not prohibited from making the new remedy applicable to pending suits by some provision of the organic law. In this respect there is an im-

portant distinction between statutes creating rights and those which afford remedies. Von Hoffman v. City of Quincy, 4 Wall. 535, 553; Mason v. Haile, 12 Wheat. 370, 378; Morley v. Railway Co., 146 U. S. 162, 13 Sup. Ct. 54; Willard v. Harvey, 24 N. H. 344, 352; Read v. Bank, 23 Me. 318, 321, 322; Hughes v. Russell, 43 Ill. App. 430, 433; Insurance Co. v. Flynn, 38 Mo. 483, 484; Harrison v. Smith, 2 Colo. 625; Smith v. District Court, 4 Colo. 235; Callahan v. Jennings, 16 Colo. 471, 474, 27 Pac. 1055; Ex parte McCardle, 7 Wall. 506; Story, Const. (5th Ed.) § 1385, and cases there cited; Endl. Interp. St. § 281. It is true that the courts have, on some occasions, refused to apply statutes which dealt with the remedy for the redress of private grievances to existing controversies, and have held them solely applicable to actions thereafter brought. But it will be found, we think, on an examination of most of this class of cases, that the refusal to apply to existing suits statutes which were plainly applicable thereto, and which merely changed or modified the course of procedure, was based either on the ground that, if so applied, they would operate unfairly, and cause loss or inconvenience to the parties, or on the ground that the right involved had become so far established by acts done and performed in reliance on the prior law, and its continuance in force, that it would savor of injustice to take away such right by making the new law applicable to the pending controversy. Railway Co. v. Woodward, 4 Colo. 162; Newsom v. Greenwood, 4 Or. 119; Bates v. Stearns, 23 Wend. 482; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. See, also, Hyman v. Bayne, 83 Ill. 256. It cannot be said that the mere bringing of a suit entitles the party who brings it to have the same conducted at every stage according to the course of procedure which was prescribed by law when the suit was commenced. Actions are always brought in view of the known power of the legislature to change or modify rules of procedure at pleasure, and a litigant cannot consistently claim that, because the legislature takes away some privilege which was accorded to litigants when the suit was instituted, he is thereby deprived of a vested right. No privilege is usually regarded as of more value to a litigant than the right of appeal, in case he is defeated at nisi prius; yet it is held in Colorado, and in other jurisdictions as well, that if, pending the suit, an appellate jurisdiction which existed at the commencement of the action is taken away, and the parties are thereby deprived of the benefit of an appeal, they have no right to complain. Harrison v. Smith, 2 Colo. 625; Smith v. District Court, 4 Colo. 235; Railroad Co. v. Grant, 98 U. S. 398; Gowen v. Bush, 36 U. S. App. 543, 18 C. C. A. 572, and 72 Fed. 299. We conclude, therefore, that the act of April 13, 1895, was intended to control subsequent proceedings in pending cases as well as proceedings in suits which might be thereafter brought, except in those cases where a verdict was standing which a litigant was entitled to have set aside, as of right, when the act took effect. At all events, we can perceive no sufficient reason for holding the act inapplicable to a case like the one at bar, where a trial was had, as of right, months after the statute had become operative. In a number of the cases heretofore cited, statutes regulating procedure were held applicable to pending cases by virtue of their general provisions; and in Re

Claasen, 140 U. S. 200, 11 Sup. Ct. 735, it was decided that a statute granting a writ of error from the supreme court of the United States to the various circuit and district courts was applicable to a pending case in which a verdict of conviction had been returned before the statute was enacted, although, previous thereto, no writ of error in criminal cases had been allowed. The statute in question, as applied by the trial court to the case at bar, did not deprive the plaintiffs of a vested right, but, at most, only took away a privilege which in a certain contingency, that might never happen, they would be entitled to assert, and for that reason the right was inchoate or incomplete. The judgment of the circuit court is therefore affirmed, and, as the case has been considered and decided on the merits, the motion by the defendants below to dismiss the writ of error will be overruled, without expressing any opinion as to the merits of the motion.