SENA v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit. September 4, 1906.)

Nos. 2,289, 2,321.

1. COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS.

The Circuit Court of Appeals for the Eighth Circuit has appellate jurisdiction to review the judgments of the Supreme Court of the territory of New Mexico in cases of conviction of crime not capital.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1101.

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475; Salmon v. Mills, 13 C. C. A. 374.]

2. SAME—CRIMINAL CASES—MODE OF REVIEW.

Criminal cases are reviewable by the Circuit Court of Appeals in all cases by writ of error, and not by appeal.

3. APPEAL—JURISDICTION OF SUPREME COURT OF NEW MEXICO—EFFECT OF REPEAL OF STATUTE.

The organic act of the territory of New Mexico (Act Sept. 9, 1850, c. 49, § 7, 9 Stat. 446), after providing that the legislative power of the territory shall extend to all rightful subjects of legislation "consistent with the Constitution of the United States and the provisions of this act", and for Supreme and district courts, provides in section 10 that "writs of error, bills of exceptions and appeals shall be allowed in all cases from the final decisions of said district courts to the Supreme Court, under such regulations as may be prescribed by law." Held, that the right to an appeal or to a writ of error in all cases was given by such organic act and could not be taken away by any action of the Legislature, whose power was restricted to the making of reasonable regulations prescribing the procedure; that where a defendant in a criminal case after conviction in a district court took and perfected an appeal within the time and in accordance with the provisions of an existing statute, the repeal of such statute without a saving clause before the hearing of the appeal did not deprive the Supreme Court of jurisdiction in the case.

4. SAME—DISPOSITION OF CAUSE—WANT OF JURISDICTION.

Where an appellate court is without jurisdiction of the subject-matter of an appeal, the only judgment it can enter is one dismissing the appeal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3123.]

Appeal from the Supreme Court of the Territory of New Mexico.
In Error to the Supreme Court of the Territory of New Mexico.
For opinion below, see 78 Pac. 58.

John H. Knaebel (Frank W. Clancy, on the brief), for appellant and plaintiff in error.

E. L. Medler, Asst. U. S. Atty. (W. H. H. Llewellyn, U. S. Atty., on the brief), for the United States.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. The appellant and plaintiff in error (hereinafter for convenience designated as "the defendant") was indicted in the first judicial district court of the territory of New Mexico, in four counts, charged with having forged or caused to be forged and presented a certain receipt and a certificate purporting to have been given by one Arthur J. Tinker to Pedro Sanches, supervisor of census, for services as interpreter. He was convicted and sentenced, under the provisions of section 5421, Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3667], on each count, to imprisonment at hard labor for one year and one day in the territorial penitentiary at Santa Fé, which sentences were made cumulative. Being in doubt as to whether the proper procedure to have this judgment reviewed was by appeal or writ of error, the defendant's counsel pursued both remedies, and has brought the case here on separate records; No. 2,289 being on appeal, and No. 2,321 on writ of error. The two cases will, therefore, be disposed of in one opinion.

The government has interposed motions in this court to dismiss the appeal and writ of error for reasons which will appear in the following discussion. The United States Attorney makes contention that this court has no appellate jurisdiction to review the judgments of the Supreme Court of the territory of New Mexico in criminal cases, like the one at bar. Since Act Jan. 20, 1897, c. 68, 29 Stat. 492 [U. S. Comp. St. 1901, p. 549], there can be no question of the jurisdiction of this court over appeals and writs of error from the Supreme Court of the territory of New Mexico in cases not within the exception in the act creating United States Circuit Courts of Appeal. This court exercised jurisdiction from this territory in the case of Haynes v. United States, 101 Fed. 817, 42 C. C. A. 34, nem. con. It is no longer an open question that the proper method of reviewing judgments in criminal cases by this court is by writ of error and not by appeal. Bucklin v. United States, 159 U. S. 680, 16 Sup. Ct. 182, 40 L. Ed. 304, 305; De Lemos v. United States, 107 Fed. 121, 46 C. C. A. 196. The appeal, therefore, taken in this case, must be dismissed.

The Supreme Court of New Mexico dismissed the appeal for want of jurisdiction, based upon the contention that the statute under which the appeal was taken was repealed before the cause was reached for final hearing in that court. This renders it necessary to examine the act of Congress and legislation touching the right of appeal in the ter-

ritory. In the organic act of the territory, approved September 9, 1850 (9 Stat. 446, c. 49), it is provided in Section 7:

"That the legislative power of the territory shall extend to all rightful subjects of legislation consistent with the Constitution of the United States and the provisions of this act."

After providing that the judicial power of the territory is vested in a Supreme Court, district courts, probate courts, and justices of the peace, section 10 of the act declares that:

"Writs of error, bills of exceptions and appeals shall be allowed in all cases from the final decisions of said district courts to the Supreme Court, under such regulations as may be prescribed by law."

From which it is clear that the right to an appeal or writ of error from the final decision of the district court to the Supreme Court is mandatory and imperative. It does not depend upon the sanction or approval of the territorial Legislature. The only power conferred upon the Legislature is to make regulations, prescribing the manner of taking and prosecuting such appeals. It may make such regulations as to it may seem essential and proper, prescribing the time within which such appeals may be taken, or writs of error sued out, and when they may be heard in the Supreme Court; provided always, such prescription shall not unreasonably interfere with or hinder the free and full exercise of the granted right.

In the exercise of its authority to make such regulations an early Legislature of the territory enacted the following law:

"All appeals taken thirty days before the first day of the next term of the Supreme Court shall be tried at that term; and appeals taken in less than thirty days before the first day of such term shall be returnable to the next term thereafter. The appellant shall file in the office of the clerk of the Supreme Court, at least ten days before the first day of such court to which the appeal is returnable a perfect transcript of the record and proceedings in the case. If he fail to do so, the appellee may produce in court such transcript, and if it appear thereby an appeal has been allowed in the cause, the court shall affirm the judgment unless good cause be shown to the contrary." Now Section 3140, Comp. Laws N. M.

In the further exercise of its privilege of mere regulation, on March 21, 1901, the territorial Legislature enacted the following statute (Sess. Laws N. M., 1901, p. 190, c. 99):

"Section 1. In all causes finally determined in any of the district courts of this territory, and where an appeal or writ of error has been or may be sued out or taken to review said cause in the Supreme Court of the territory, the appellant or plaintiff in error shall have the right to docket such appeal or writ of error at any time before a motion by appellee or defendant in error to docket and affirm judgment. When such cause shall be docketed by the appellant or plaintiff in error, the record may be perfected within thirty days thereafter, or the said appeal or writ of error may be dismissed by such appellant or plaintiff in error filing with the clerk of the Supreme Court, a written dismissal, and thereafter at any time such appellant or plaintiff in error may take a new appeal or sue out a writ of error anew in said cause, provided the same be so taken or sued out within one year from the date of the judgment sought to be reviewed became final."

While these statutes were in force, and after final judgment of conviction, the defendant took an appeal therefrom to the Supreme Court

of the territory, and docketed the case in the office of the clerk, according to the practice, before any motion made by the appellee for leave to docket the case and move for affirmance of the judgment. Not having perfected the record within 30 days, he availed himself of the alternative provision, and dismissed the appeal by filing a written dismissal with the clerk of the Supreme Court; and thereafter, within one year from the date of the judgment, he took an appeal and filed a transcript with the clerk of the Supreme Court before the term at which the appeal was returnable. While the cause was thus pending in the Supreme Court, before the time for final hearing, the territorial Legislature repealed said act of March 21, 1901, "in all its parts and provisions," without any saving clause. Laws N. M. 1903, c. 26. Although holding that the repeal of said statute deprived it of jurisdiction of the cause, the Supreme Court nevertheless went further and adjudged that the sentence of the district court be carried out, and ordered the marshal to execute it by delivering the body of the defendant to the warden of the penitentiary.

It is a recognized rule of law that all powers drawn from a statute and dependent thereon for their exercise are extinguished by its repeal, where such repeal precedes actions concluded and judgments entered while the statute was an existing law. Sutherland on Statutory Con. §§ 163–168; Key v. Gooswin, 4 Moore & Payne, 341; Norris v. Crocker et al., 13 How. 429, 14 L. Ed. 210; Insurance Company v. Ritchie, 5 Wall. 541, 18 L. Ed. 540; Ex Parte McCardle, 7 Wall. 506, 19 L. Ed. 264; Railroad Company v. Grant, 98 U. S. 398, 25 L. Ed. 231; Campbell v. Iron-Silver Mining Company, 83 Fed. 643, 27 C. C. A. 646. It will be found upon an examination of the adjudged cases, touching this rule of practice and principle of law, that the rule announced only obtains where the act repealed gives the right of appeal. In such case the right of appeal, being a mere creature of the statute, dependent for its existence upon the legislative will, can be withdrawn by the authority which created it at any time pendente lite. The case of Norris v. Crocker et al., supra, rested upon an act of Congress giving a penalty to the owner, under the fugitive slave law, for the abduction or detention of his slave. It was held that the repeal of the enabling statute, pendente lite, destroyed the right of action. The court said:

"As the plaintiff's right to recover depended entirely on the statute, its repeal deprived the court of jurisdiction over the subject-matter; and in the next place, as the plaintiff had no vested right in the penalty, the Legislature might discharge the defendant by repealing the law."

In Insurance Company v. Ritchie, supra, where jurisdiction was conferred on the federal court by act of Congress in a suit between citizens of the same state in internal revenue cases, it was held that the repeal of the statute put an end to suits predicated thereon. In the McCardle Case, supra, the exercise of jurisdiction by the Supreme Court was made to depend upon the act of Congress. The court said that while the powers of the Supreme Court were, in a general way, derived from the Constitution, yet as the Constitution gave it appellate jurisdiction "with such exceptions, and under such

regulations as the Congress shall make," where Congress had provided for jurisdiction in the given case, and pending the suit repealed the statute, it had, within the meaning of the term employed in the Constitution, excepted from the jurisdiction of the court the subject-matter of the suit, and its jurisdiction fell with the repeal of the statute. The same is true of the case of Railroad Company v. Grant, supra.

Jurisdiction by appeal or writ of error was conferred by act of Congress. As the right depended alone upon the statute, the will of the Legislature, its repeal, pendente lite, ousted the jurisdiction of the Supreme Court. Had it been written, however, into the Constitution that writs of error and appeals shall be allowed, in all cases from final judgments, or decisions, of the Circuit, or district courts to the Supreme Court, under such regulations as may be prescribed by law, and after Congress had by statute prescribed the method of procedure, the party aggrieved, pursuant to such regulation, had taken his appeal to the Supreme Court, his right to have the decision reviewed by the Supreme Court would be a vested right, which Congress could not arrest by any post legislation. The right, in such case, would not depend upon the legislative will, or caprice, but upon the supreme law of the land, beyond the reach of the legislative arm.

. In the case at bar the right of appeal to have the judgment of the district court reviewed by the Supreme Court of the territory was written into the very bone-work of the political organism of the territory; and it had the same force and effect as if incorporated into the Constitution of an organized state. Under no guise, and by no act, direct or indirect, could the Legislature of the territory unduly embarrass, much less take away, this fundamental right of the defendant. The only function it could perform was to make such reasonable regulations respecting the exercise of the right as would be consistent with its existence and effective operation. It might alter such regulations from time to time as experience demonstrated its wisdom, but at all times subject and subordinate to the paramount right of securing to the litigant the full benefit of the provision of the organic act. This must be so for the palpable reason that the right of appeal in this case was not conditioned upon the will or action of the territorial Legislature, but it existed independent thereof. Though not essential to the decision of this case, we incline to the opinion that had the Legislature of the territory failed or refused to prescribe any regulation respecting the matter of taking appeals or suing out writs of error, the congressional grant of the right could not thereby be rendered useless. The grant itself carried with it the implied power in the court to enforce its effective exercise. The method of procedure in securing a review of the decisions of inferior by superior courts was provided for in existing statutes and usage, well known to Congress at the time, which the courts could have easily adapted to the necessities of the situation. In other words, the principle grant of the congressional act is the right of appeal—the matter of procedure is the mere incident which

the territorial Legislature, if it saw fit, might regulate, consistently with the full enjoyment of the congressional grant.

Had the defendant perfected his appeal under the provisions of the original territorial act, could it for a moment be entertained that pending the appeal the Legislature could have denied him the right to the judgment of the Supreme Court by repealing the statute before the Supreme Court reached final judgment? Of what avail would be the guaranty of the organic act, that from every decision of the district court an appeal shall be allowed to the Supreme Court, if after it had been allowed, in the manner prescribed by law, the Legislature could oust the jurisdiction by its simple fiat, declaring the regulation, pursuant to which the appeal had been taken, functus officio? The act of March 21, 1901, was as much a part of the system of regulations prescribed by the Legislature for taking appeals as the original act. It is a well-recognized rule of law that where a statute is supplementary and in addition to another statute on the same subject the provisions are in pari materia, and are to be construed together. In contemplation of law the two acts stand as if embraced in one and the same statute. The later, supplemental act, offered and accorded to the defendant the alternative course, which he had the right to adopt and pursue as much so as under the first provision. After the territorial Legislature had thus declared its system of regulations, as to the manner and time of taking appeals, inviting the defendant to avail himself of it, and he had acted thereon, his right to the judgment of the Supreme Court became vested under the congressional enactment, beyond the power of the Legislature to revoke. It seems to us that no subtlety of argument or legislative legerdemain can escape this conclusion without subverting the organic law of the territory.

After holding that it had no jurisdiction over the subject-matter of the appeal, the Supreme Court not only dismissed the appeal, but proceeded to enter judgment that the sentence of the district court be carried out by directing the marshall to take the body of the defendant and deliver him to the warden of the penitentiary for execution of the sentence. The only judgment it could render, if its jurisdiction was at an end, was one dismissing the appeal. Ex parte McCardle, supra; Horntall v. The Collector, 9 Wall. 566, 567, 19 L. Ed. 560. Whether the bill of exceptions contained in the record was not timely made and approved by the proper judge, as suggested on behalf of the government, or whether there be any reversible error on the face of the record outside of the bill of exceptions, the Supreme Court of the territory did not decide. Primarily, these questions should be considered and determined by that court, and until then we ought not to be asked to consider them.

The judgment dismissing the appeal and ordering the defendant into custody of the marshall to be delivered to the warden of the penitentiary is reversed, and the case remanded to the Supreme Court of the territory, with direction to proceed in the exercise of jurisdiction over the subject-matter of the appeal.