## No. 9487.

### MIDLAND CASUALTY COMPANY *v.* FRAME.

1. LIFE INSURANCE—*Statute Construed.* The definition of Life Insurance in sec. 73 (9) of c. 193 of the Acts of 1907, controls the same term in other sections of the act: Therefore sec. 37 (2) does not refer to accedant policies, and will not prohibit the limitation in a policy of accident insurance, of the time within which an action thereupon must be brought.

    Section 73 of the act cited is not repealed by c. 139 of the Laws of 1911.

2. *Statutes—Repeal—Effect.* The repeal of a definition contained in one section of a statute does not take away the effect of this definition upon other sections of the same statute.

*Error to Chaffee District Court, Hon. James L. Cooper, Judge.*

*Department Two.*

Mr. ANDREW H. WOOD, Mr. ORLAF ANDERSON, for plaintiff in error.

G. K. HARTENSTEIN, for defendant in error.

Opinion by Denison, J.

THIS was an action on an accident policy, so-called, by the widow of the insured. She had a verdict and judgment for $2,000, the full amount of the policy.

The policy was what is commonly known as an "Accident Policy" or "Policy of Accident Insurance," in the usual form of such contracts, with a provision for an indemnity to the plaintiff of $2,000, in case of the death of the insured "solely through accidental means" and contained the following:

"1B.——Legal proceedings for the recovery hereunder shall not be brought before the expiration of three months from the date of filing final proofs at the Company's Home Office, nor brought at all unless begun within one year from the date specified herein for final proofs. If any limitation set forth herein is in conflict with the statutes of the state in which the insured resides, the said limitation is hereby amended to agree with the minimum period of limitation permitted by such statutes."

The plaintiff did not begin her suit within one year from the date specified in the policy for final proofs. The company claims that it is therefore barred by the limitation of the policy. The plaintiff answers that the policy is a "life insurance" policy, and that the limitation is void under the Colorado statute, which is as follows: (S. L. 1907, p. 456, sec. 37):

"Sec. 37.    (Prohibiting Certain Provisions in Life Insurance Policies.)   On and after January 1, 1908, it shall be unlawful for any foreign or domestic life insurance company to issue or deliver in this state any life insurance policy if it contains any of the following provisions: * * *

(2)    A provision limiting the time within which any action at law or in equity may be commenced to less than five years after the cause of action shall accrue."

The company replies that the policy is an "Accident Policy" and not included in the term "life insurance," within the meaning of the act, and cites sub-section 9 of section 73 of the same act, as follows:

"(9)    Every contract whereby a cash or other benefit is to accrue to a person, or to persons named or designated therein, upon the death of a person from *cause not accidental,* shall be deemed a contract of life insurance; and it shall be unlawful for any person, co-partnership, association, organization, society, order, or fraternity, except life insurance companies or *bona fide* fraternal, religious or benevolent societies, as defined by this act, to make or issue such contracts of insurance;"

This definition of the term "life insurance" must be regarded as controlling the meaning of that term in the other sections of the same act. It follows that the limitation in the policy is not forbidden by the sub-section 2 of section 37. It must therefore, be enforced.

Plaintiff claims that section 73 applies only to "assessment companies," and not to a company insuring for a fixed premium. We think otherwise. That section is clearly intended to refer to either sort of life insurance company. If an "old line" company should violate its provisions it would be subject to its penalties.

Plaintiff also claims that section 73 was impliedly repealed by chapter 139, S. L. 1911. We do not think so, but if it were that could not change the meaning of sec 37.

The defendant in error points out that section 73 has been repealed by the Act of 1913 (S. L. 1913, chapter 99) which contains a re-enactment of sec. 37, but not of 73, and claims that, therefore, the latter can no longer be regarded as regulating the definition of "life insurance." We do not think the omission of section 73 changes the meaning of sec. 37. Section 73 of the Act of 1907 determines the meaning of sec. 37 in that Act. Section 37 being re-enacted in 1913 is considered as having been the law all along.

*Callahan v. Jennings,* 16 Colo. 471, 476, 477, 27 Pac. 1055; *People v. Board of Eq.,* 20 Colo. 220, 231, 37 Pac. 964.

It seems reasonable to presume that if the legislature had intended it to have a meaning in the later act different from that which it had in the earlier they would have said so definitely. We must therefore hold that "life insurance" in the Act of 1913 and 1907 means the same thing. We are confirmed in this opinion by the fact that the act of 1913 regards insurance against death by accident as not life insurance. See secs. 60 and 75, pp. 358 and 369. These sections were also contained in the Act of 1907.

Since this conclusion precludes recovery by plaintiff it is unnecessary to notice the other points in the briefs.

The judgment should be reversed with directions to dismiss the case.