GROVER, *appellant,* vs. COON, *respondent.*

Where a writ of error was pending in the supreme court when the code of proce-
dure took effect, and that court afterwards rendered judgment of affirmance, there
is no right of appeal to this court, the determination of the supreme court being
final under the provisions of the code.

A statute, which takes away the right to a future appeal in an action pending and
undetermined when the statute takes effect, is not unconstitutional.

*C. P. Kirkland,* for the respondent, moved to dismiss the
appeal. Before and on the first day of July last a writ of error
was pending in the supreme court, on a judgment of the com-
mon pleas affirming a judgment rendered by a justice of the
peace, in an action commenced before him. On the 20th of
July last, the supreme court, after argument, affirmed the judg-
ment of the justice; and Grover appealed to this court from that
determination.

*John Clarke,* for the appellant.

BRONSON, J. The 282d section of the code of procedure ap-
plies to proceedings subsequent to the first of July, in suits which
were pending on that day. (*Supp. Code,* § 2.) The writ of
error in this case was pending in the supreme court on the first
of July, and was, we think, a suit within the meaning of the
statute. The judgment of affirmance was subsequent to the
first of July; and as the action was "originally commenced in
a court of a justice of the peace," there was no right of appeal
to this court. (§§ 282, 11.) The judgment of the supreme
court was final.

We see no force in the objection urged by the appellant's
counsel, that the statute is unconstitutional. The legislature
did not take away a right of appeal which had already attach
ed: they only said that for the future, no appeal to this court
should be allowed in such cases.

Motion granted.