## RAILROAD COMPANY v. GRANT.

The jurisdiction conferred upon this court by sect. 847 of the Revised Statutes relating to the District of Columbia was taken away by the act of Congress approved Feb. 25, 1879, which enacts that a judgment or a decree of the Supreme Court of that District may be re-examined here "where the matter in dispute, exclusive of costs, exceeds the value of $2,500." This court, therefore, dismisses a writ of error sued out Dec. 6, 1875, to reverse a final judgment of that court where the matter in dispute is of the value of $2,250.

MOTION to dismiss a writ of error to the Supreme Court of the District of Columbia.

This is a writ of error sued out by the Baltimore and Potomac Railroad Company, the defendant below, on the 6th of December, 1875, to reverse a judgment rendered against it for $2,250 by the Supreme Court of the District of Columbia. At that time sects. 846 and 847 of the Revised Statutes relating to the District of Columbia, defining the jurisdiction of this court in that class of cases, were in force.

They are as follows: —

"SECT. 846. Any final judgment, order, or decree of the Supreme Court of the District may be re-examined and reversed or affirmed in the Supreme Court of the United States, upon writ of error or appeal, in the same cases and in like manner as provided by law in reference to the final judgments, orders, and decrees of the circuit courts of the United States.

"SECT. 847. No cause shall be removed from the Supreme Court of the District to the Supreme Court of the United States, by appeal or writ of error, unless the matter in dispute in such cause shall be of the value of $1,000 or upward, exclusive of costs, except in the cases provided for in the following section."

On the 25th of February, 1879, Congress passed "An Act to create an additional associate justice of the Supreme Court of the District of Columbia, and for the better administration of justice in said District," sects. 4 and 5 of which are as follows: —

"SECT. 4. The final judgment or decree of the Supreme Court of the District of Columbia in any case where the matter in dispute, exclusive of costs, exceeds the value of $2,500, may be re-examined and reversed or affirmed in the Supreme Court of the United States, upon writ of error or appeal, in the same manner and under the same regulations as are provided in cases of writs of error on judgments or appeals from decrees rendered in a circuit court.

"SECT. 5. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

The defendant in error now moves to dismiss the writ of error, on the ground that the jurisdiction of this court has been taken away.

*Mr. Richard T. Merrick* and *Mr. William F. Mattingly*, for the defendant in error, in support of the motion, cited *McNulty* v. *Batty*, 10 How. 72; *Norris* v. *Crocker*, 13 id. 429; *Insurance Company* v. *Ritchie*, 5 Wall. 541; *Ex parte McArdle*, 7 id. 506; *Steward* v. *Kahn*, 11 id. 502.

*Mr. Enoch Totten*, contra.

*Insurance Company* v. *Ritchie* (5 Wall. 541) and *Ex parte McArdle*, (7 id. 506), cited by the defendant in error, are not applicable to this case, because the repealing statute in the former case expressly prohibited and took away the entire appellate jurisdiction, and in the latter case was purely a partisan enact-

ment, providing that this court should not possess or exercise any appellate jurisdiction in cases of the character mentioned, where appeals " have been or may hereafter be taken."

*Norris* v. *Crocker* (13 How. 429) was an action to recover a severe penalty, imposed by statute for the benefit of the owners of fugitive slaves ; and the statute having been repealed, the penalty, of course, fell with it.

The sole question seems to be whether the legislature intended by the act of Feb. 25, 1879, to vacate all appeals and writs of error then pending in causes involving less than the value prescribed, or only to establish a new regulation applicable to future cases. All that were pending at the passage of that act were and are here by virtue of the former one. When the amount involved is $2,500, or upwards, there can be no doubt about the jurisdiction. Does the last act repeal the former absolutely, so as to forbid this court to exercise the jurisdiction which had previously vested ? If it does, that result is brought about by implication only. Repeals by implication are not favored, and these two acts not being necessarily inconsistent, one may be applied to pending and the other to future appeals.

One statute is not to be construed as a repeal of another, if it be possible to reconcile them. *McCool* v. *Smith*, 1 Black, 459 ; *Harford* v. *United States*, 8 Cranch, 109 ; Sedgwick, Stat. and Const. Law, 127 ; *Bowen* v. *Lease*, 5 Hill (N. Y.), 221 ; *Wood* v. *United States*, 16 Pet. 342.

The last act is silent as to pending causes. It seems fair to conclude that if Congress had intended to interfere with them, the intention would have been declared in apt and unmistakable terms.

All statutes are to be construed as operating prospectively, unless the language is express to the contrary, or there is a necessary implication to that effect. *United States* v. *Heth*, 3 Cranch, 399 ; *Harvey* v. *Tyler*, 2 Wall. 347 ; *Prince* v. *United States*, 2 Gall. 204.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question presented by this motion is whether

there is any law now in force which gives us authority to re-examine, reverse, or affirm the judgment in this case. Nearly seventy years ago, Mr. Chief Justice Marshall said, in *Durusseau* v. *United States* (6 Cranch, 307), that this " court implies a legislative exception from its constitutional appellate power in the legislative affirmative description of those powers. Thus a writ of error lies to the judgment of a circuit court, where the matter in controversy exceeds the value of $2,000. There is no express declaration that it will not lie where the matter in controversy shall be of less value. But the court considers this affirmative description as manifesting the intent of the legislature to except from its appellate jurisdiction all cases decided in the circuits where the matter in controversy is of less value and implies negative words." There has been no departure from this rule, and it has universally been held that our appellate jurisdiction can only be exercised in cases where authority for that purpose is given by Congress.

It is equally well settled that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law. *United States* v. *Boisdore's Heirs*, 8 How. 113; *McNulty* v. *Batty*, 10 id. 72; *Norris* v. *Crocker*, 13 id. 429; *Insurance Company* v. *Ritchie*, 5 Wall. 541; *Ex parte McArdle*, 7 id. 514; *The Assessor* v. *Osbornes*, 9 id. 567; *United States* v. *Tynen*, 11 id. 88.

Sect. 847 of the Revised Statutes, relating to the District of Columbia, is in irreconcilable conflict with the act of 1879. The one gives us jurisdiction when the amount in dispute is $1,000 or more; the other in effect says we shall not have jurisdiction unless the amount exceeds $2,500. It is clear, therefore, that the repealing clause in the act of 1879 covers this section of the Revised Statutes.

The act of 1879 is undoubtedly prospective in its operation. It does not vacate or annul what has been done under the old law. It destroys no vested rights. It does not set aside any judgment already rendered by this court under the jurisdiction conferred by the Revised Statutes when in force. But a party to a suit has no vested right to an appeal or a writ of error from one court to another. Such a privilege once granted may

be taken away, and if taken away, pending proceedings in the appellate court stop just where the rescinding act finds them, unless special provision is made to the contrary. The Revised Statutes gave parties the right to remove their causes to this court by writ of error and appeal, and gave us the authority to re-examine, reverse, or affirm judgments or decrees thus brought up. The repeal of that law does not vacate or annul an appeal or a writ already taken or sued out, but it takes away our right to hear and determine the cause, if the matter in dispute is less than the present jurisdictional amount. The appeal or the writ remains in full force, but we dismiss the suit, because our jurisdiction is gone.

It is claimed, however, that, taking the whole of the act of 1879 together, the intention of Congress not to interfere with our jurisdiction in pending cases is manifest. There is certainly nothing in the act which in express terms indicates any such intention. Usually where a limited repeal only is intended, it is so expressly declared. Thus, in the act of 1875 (18 Stat. 316), raising the jurisdictional amount in cases brought here for review from the circuit courts, it was expressly provided that it should apply only to judgments thereafter rendered; and in the act of 1874 (id. 27), regulating appeals to this court from the supreme courts of the Territories, the phrase is, " that this act shall not apply to cases now pending in the Supreme Court of the United States where the record has already been filed." Indeed, so common is it, when a limited repeal only is intended, to insert some clause to that express effect in the repealing act, that if nothing of the kind is found, the presumption is always strong against continuing the old law in force for any purpose. We think it will not be claimed that an appeal may now be taken or a writ of error sued out upon a decree or a judgment rendered before the act of 1879 took effect, if the matter in dispute is not more than $2,500 ; but it seems to us there is just as much authority for bringing up new cases under the old law as for hearing old ones. There is nothing in the statute which indicates any intention to make a difference between suits begun and those not begun. If, as is contended, the object of Congress was to raise our jurisdictional amount because of the increase of the judicial force in the District, we

see no good reason why those who had commenced their proceedings for review of old judgments should be entitled to more consideration than those who had not. No declaration of any such object on the part of Congress is found in the law; and when, if it had been the intention to confine the operation of what was done to judgments thereafter rendered or to cases not pending, it would have been so easy to have said so, we must presume that Congress meant the language employed should have its usual and ordinary signification, and that the old law should be unconditionally repealed.

Without more, we conclude that our jurisdiction in the class of cases of which this is one has been taken away, and the writ will accordingly be dismissed, each party to pay his own costs; and it is

*So ordered.*