JOHN A. WALLACE v. PECOS & NORTHERN TEXAS RAILWAY COMPANY.

Decided April 18, 1908.

**1.—Appeal—Statement of Facts—Act of 1907.**

Statutes of procedure operate upon all pending litigations from the time they go into effect, unless it is therein otherwise provided. Hence, the Act of 1907 (General Laws 1907, page 509) regulated the preparation of a statement of facts for appeal from the date said Act took effect, and a stenographer's transcript of the evidence consisting of questions and answers, filed after said Act took effect, although the case was tried before, not being in accordance with the requirements of said Act, will be stricken out on motion of appellee.

**2.—Carrier—Delay in Furnishing Cars—Defense.**

In a suit to recover damages to cattle for delay in furnishing cars after demand made, the defendant answered that the rush of business and the demand for cars had been so unusual, unexpected and unprecedented that the defendant and its officers, agents and employes did not, and could not, in the exercise of any degree of care and foresight whatever, have expected and anticipated the same, and it did not and could not have had at its command cars in sufficient number and quantity to meet the·demand for transportation of freight made by parties all along its line in the order made. Held, the answer was good as against a demurrer.

**3.—Carrier—Liable only for Negligence.**

A carrier is not liable as an insurer, but only for negligence in the transportation of live stock; hence, it is not liable for the expenditure of money for feed made necessary by unprecedented weather while a shipper was holding his cattle waiting for cars.

Appeal from the District Court of Randall County. Tried below before Hon. J. N. Browning.

*Buie & Scott,* for appellant.—In order for the defendant railway company to excuse itself on account of unusual, unexpected and unprecedented rush of business from furnishing cars to ship live stock after demand therefor, it should allege that it owned or controlled enough cars to ship the usual amount of freight from the point of shipment and all points on its own line. Rev. Stats. 1905, arts. 4494 and 4496; Texas & P. Ry. Co. v. Smith & White, 79 S. W., 614; Texas & P. Ry. v. Barrow, 94 S. W., 176.

*Madden & Trulove* and *Ben H. Stone,* for appellee.— Defendant was liable only for such damages growing out of its failure to furnish cars within a reasonable time as could have reasonably been foreseen by it, and was not liable for the injuries proximately caused by the unprecedented and unforeseen condition of the weather. Hunt Bros. v. Missouri, K. & T. Ry. Co., 74 S. W., 71, (writ of error denied) ; Inter-

national & G. N. Ry. Co. v. Bergman, 64 S. W., 999; Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 225.

The question of reasonable time within which the cars should have been furnished is not governed by the statute, as such statute is void and unconstitutional, but is a question of 'fact to be determined by the jury or. the court, as the case may be. Houston & T. C. Ry. Co. v. Mayes, 201 U. S., 321; Texas & P. Ry. Co. v. Barrow, 94 S. W., 176; Texas & P. Ry. Co. v. Allen, 98 S. W., 450.

The question as to whether the defendant railway company owned or controlled cars sufficient for the ordinary business is a question of evidence to go to the jury with other evidence in determining the issue of negligence *vel non*. Texas & P. Ry. Co. v. Allen, 98 S. W., 450; Texas & P. Ry. Co. v. Nelson, 86 S. W., 616.

STEPHENS, ASSOCIATE JUSTICE.—The stenographer's transcript of the testimony taken on the trial of this case, in which the questions and answers with other proceedings are set out in full, is stricken out on motion of the appellee because it was not filed until after the present statute on that subject went into effect, which prohibits this very objectionable method of preparing a statement of facts. It is insisted in behalf of appellant that the motion should not prevail because when the case was tried this law had not taken effect, but it is well settled that statutes of procedure operate upon all pending litigation from the time they go into effect, unless it is therein otherwise provided. In this instance the court adjourned August 1, 1907, on which day an order was entered allowing twenty days for the preparation and filing of the statement of facts, and on August 19, the stenographer's transcript was filed, at which time the law covering the preparation and filing of such records had gone into effect, leaving ample time, however, for the preparation and filing of a statement of facts, as therein provided.

The judgment rests on the findings of the trial court, which in the absence of a statement of facts become conclusive here. The only questions raised by the assignments, therefore, which could avail appellant are questions of law raised by the rulings on the demurrers and those involved in the court's conclusions of law.

There was no error in overruling the demurrers to the answer pleading an excuse for not furnishing cars within the time demanded, this being a suit to recover damages to cattle for delay in furnishing cars, after demand made, since it contained the allegation that the rush of business and demand for cars had been so "unusual, unexpected and unprecedented" that "the defendant and its officers, agents and employes did not and could not, in the exercise of any degree of care and foresight whatever, have expected and anticipated the same, and it did not and could not have had at its command cars and rolling stock in sufficient number and quantity to meet the demand for cars and transportation of freight as made by parties all along its line in the order made."

Nor did the court err in its conclusions of law in holding that appellee was not liable for the expenditure of money for feed made necessary by the unprecedented weather while appellant was holding

his cattle waiting for cars, since the findings of fact establish that this unprecedented weather could not reasonably have been anticipated. Appellant was not liable as an insurer, but only for negligence.

It follows from these conclusions that the judgment must be affirmed.

*Affirmed.*