THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERTRUDE CRANE, as Administratrix of the Estate of GEORGE W. SAUER, Deceased, Respondent, *v.* LOUIS H. HAHLO et al., Constituting the Board of Revision of Assessments of the City of New York et al., Appellants.

New York (city of) — constitutional law — certiorari — streets — provision of charter making award of damages by board of revision of assessments final and conclusive — such provision is intended to prevent review of award by certiorari and is not violative of constitutional provision securing to Supreme Court general jurisdiction in law and equity.

1. It was provided by the Greater New York charter (L. 1901, ch. 466, amd. L. 1918, ch. 619) that the confirmation of any award of damages for a change in the grade of a street " by the board of revision of assessments shall be final and conclusive upon all parties and persons

whomsoever with respect to the amount of damage sustained." *Held,* that the provision was intended to include and prevent certiorari as a method of reviewing the action of the boards of revision and assessments, involving rules governing the subject of damages, although not preventing the consideration on certiorari of questions of jurisdiction, fraud and willful misconduct on the part of the officials composing the boards. (*People ex rel. Uvalde A. Paving Co.* v. *Seaman,* 217 N. Y. 70, followed.)

2. The legislature in sending relator's claim to the boards in question for action did not violate the constitutional provision securing to the Supreme Court "general jurisdiction in law and equity." The claim was of a nature which could be and was withheld from the jurisdiction of the Supreme Court and the legislature had the right to declare that it should not be subject to review. (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478, 488, followed.)

*People ex rel. Crane* v. *Hahlo,* 189 App. Div. 900, reversed.

(Argued February 23, 1920; decided April 13, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 31, 1919, which affirmed an order of Special Term denying a motion to dismiss a writ of certiorari.

The following questions were certified:

" 1. Has the Appellate Division of the Supreme Court the power in this proceeding to review the determination of the board of assessors of the city of New York, confirmed by the board of revision of assessments of the city of New York, (a) in respect to questions as to whether, in making the determination assessing the amount of damage sustained, any rule of law affecting the relator's rights has been violated, to the prejudice of the relator? (b) with respect to any question concerning the amount awarded as damages?

" 2. Is the following provision contained in section 944 of the Greater New York charter, as amended by chapter 619 of the Laws of 1918, void because of conflict with section 1 of article 6, or section 6 of article 1, or any other provisions of the Constitution of the State of New York:

' The confirmation of any such award by the board of revision of assessments shall be final and conclusive upon all parties and persons whomsoever with respect to the amount of damages sustained ? '

" 3. Is the said provision contained in said section 944 of the Greater New York charter void because of conflict with section 10 of article 1 of the Constitution of the United States, or section 1 of the Fourteenth Amendment to said Constitution, or any other provision of the Constitution of the United States? "

*William P. Burr,* Corporation Counsel (*Charles J. Nehrbas* of counsel), for appellants. Upon a review of an award made by the board of assessors of the city of New York and confirmed by the board of revision of assessments, the court may not consider any question concerning the amount of damage sustained. (L. 1901, ch. 466, §§ 944, 950, 951; *People ex rel. Rothschild* v. *Muh,* 101 App. Div. 423; *People ex rel. Uvalde A. P. Co.* v. *Seaman,* 168 App. Div. 870; 217 N. Y. 70; *People ex rel. Globe Const. Co.* v. *Ormond,* 181 App. Div. 242; *Matter of S. B. R. R. Co.,* 143 N. Y. 253; *Matter of Comrs. of Central Park,* 50 N. Y. 493; *People ex rel. Miller* v. *Peck,* 73 App. Div. 89; *People ex rel. Haggerty* v. *McClellan,* 107 App. Div. 272; *People ex rel. Brownell* v. *Assessors,* 193 N. Y. 248.) Chapter 619 of the Laws of 1918 is not in conflict with any constitutional provision. (*Sauer* v. *City of New York,* 180 N. Y. 27; 206 U. S. 536; *People ex rel. Volkening* v. *Prendergast,* 150 App. Div. 665; *Ettor* v. *Tacoma,* 228 U. S. 148; *Croveno* v. *A. A. R. Co.,* 150 N. Y. 225; *People* v. *Dunn,* 31 App. Div. 139; 157 N. Y. 528; *Leech* v. *Auwell,* 154 App. Div. 170; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *People ex rel. Watt* v. *Zucca,* 160 App. Div. 578; *People ex rel. City of N. Y.* v. *Seaman,* 171 App. Div. 948; 217 N. Y. 631; *People ex rel. Miller* v. *Peck,* 73 App. Div. 89; *Bullock* v. *Cooley,* 225 N. Y. 566; *People ex rel. Hallock* v. *Hennessy,* 206 N. Y. 750.)

*John M. Harrington* and *Herbert H. Gibbs* for respondent. The language of Laws of 1918, chapter 619, amending section 944 of the charter, when read in the light of the previous decisions of the courts and the history of legislation upon the subject of the common-law writ of certiorari, discloses no legislative intention to withdraw from the Supreme Court jurisdiction to review, by common-law writ of certiorari, determinations of the defendant boards. (*People ex rel. Central Trust Co.* v. *Prendergast,* 202 N. Y. 188, 196; *People ex rel. O'Reilly* v. *Common Council,* 53 App. Div. 58; Code Civ. Pro. §§ 2120, 2122, 2125, 2140, subd. 3; *People ex rel. Globe Const. Co.* v. *Ormand,* 181 App. Div. 242.) Section 944 of the charter, as amended, in so far as it assumes to withdraw from the Supreme Court jurisdiction to review by common-law writ of certiorari determinations of the defendant boards, is unconstitutional and void, in that the statute violates article 6, section 1, of the Constitution of the state of New York. (*People ex rel. Mayor, etc.,* v. *Nichols,* 79 N. Y. 582; *DeHart* v. *Hatch,* 3 Hun, 375; *Mussen* v. *Ausable Granite Works,* 63 Hun, 367; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478, 488; *Popfinger* v. *Yutte,* 102 N. Y. 39; *Hutkoff* v. *Demorest,* 103 N. Y. 377; *Alexander* v. *Bennett,* 60 N. Y. 204; *Flynn* v. *C. R. R. Co.,* 142 N. Y. 439; *Riglander* v. *Star Co.,* 98 App. Div. 101; 181 N. Y. 531; *Martin's Bank, Ltd.,* v. *Amazonas Co.,* 98 App. Div. 146.) Section 944 of the charter, as amended, in so far as it assumes to withdraw from the relator the right to review, pursuant to a common-law writ of certiorari, the determinations of the defendant boards in respect of a claim for damages that arose when that remedy subsisted, without supplying an alternative remedy equally adequate and efficacious, is null and void, (a) because of conflict with section 6 of article 1 of the Constitution of the state of New York, in that such amendment assumes to deprive the relator· of property without due process of law and assumes to authorize the taking of her private property for public use

without just compensation; (b) because of conflict with section 10, article 1 of the Constitution of the United States, in that such amendment purports to be a law that would impair the obligation of a contract that already existed in favor of the relator; and (c) because of conflict with section 1 of the Fourteenth Amendment to the Constitution of the United States, in that such amendment assumes to deprive the relator of property without due process of law. (*Ettor* v. *Tacoma,* 228 U. S. 148; *McGahey* v. *State of Virginia,* 135 U. S. 662; *People ex rel. Reynolds* v. *Common Council,* 140 N. Y. 300; *Matter of City of Rochester* v. *Holden,* 224 N. Y. 386; *Westervelt* v. *Gregg,* 12 N. Y. 202; *Muhlker* v. *New York & H. R. Co.,* 197 U. S. 544; *Matter of Woodland Ave.,* 178 Penn. St. 325; *Pierce* v. *Bangor,* 105 Me. 413.)

HISCOCK, Ch. J.   This appeal is the last step in long-continued proceedings instituted by the respondent's intestate to secure damages for a change in the grade of the street in front of his premises which was completed in 1893.   It is unnecessary for the purposes of the appeal to review or even to enumerate all of the different steps which have been taken for the enforcement of such claim.   It is sufficient to say that there was finally reached a point in September, 1917, when the relator in accordance with the statute produced before the board of assessors of the city of New York evidence in support of her intestate's claim; that an award of $40,000 was made by said board; that on appeal to the board of revision of assessments of said city the claim was remitted to the board of assessors with instructions to increase the award from $40,000 to $42,500, which was done, and this last award on appeal was confirmed by the board of revision.

Asserting that in the consideration of her claim various principles of law were ignored and various elements of damage disregarded wherefrom great inadequacy in the

amount of the award resulted, the relator sued out a writ of certiorari for the purpose of securing relief from these alleged errors. Thereupon the appellants made the motion now being reviewed on this appeal to dismiss such certiorari proceedings on the ground that under and by the provisions of section 944 of the Greater New York charter in force at the time said award was made (L. 1901, ch. 466, amd. by L. 1918, ch. 619), it was provided that " The confirmation of any such award by the board of revision of assessments shall be final and conclusive upon all parties and persons whomsoever with respect to the amount of damage sustained." In opposition to this motion it was alleged and thus far has been held that this provision did not and could not have the effect to deprive relator of resort by certiorari to the Supreme Court for relief from the errors complained of, and out of this decision have arisen various questions concerning the meaning and constitutionality of the provision for finality in question which are now submitted to us for answer. Without repeating at length these questions they may be summarized according to our understanding as asking whether said provision was intended to prevent a review by certiorari of errors of law and fact committed by the boards of revision and assessors in determining the amount of damages to be awarded, and second whether if so intended said enactment is in violation of various constitutional provisions, State and Federal, protecting property rights, and especially of section 1, article 6 of the State Constitution which declares that " The Supreme Court is continued with general jurisdiction in law and equity."

Assuming that the provision under review is constitutional, we think that it was intended to include and prevent a writ of certiorari as a method of reviewing the action of the boards of revision and assessment. The natural and ordinary understanding of a provision that the action of a tribunal shall be final and conclusive

would be that such action should not be subject to review and reversal which would prevent it from being thus final and conclusive. It is argued, however, that this ordinary understanding is prohibited as to certiorari by section 2120 of the Code, which in effect provides that a writ of certiorari may be issued where the right thereto " is not expressly taken away by statute," and it is contended that this provision simply making the action of an inferior tribunal final and conclusive does not meet the test of explicitness required by the statute. We think that this calls for too literal and narrow an interpretation of the enactment before us and we are aided to this conclusion by earlier consideration of such a clause.

Before the enactment of this section of the Code it had been first held that the right to a writ of certiorari to review the action of an inferior tribunal was not destroyed by a provision that such action should be final and conclusive. (*Leroy* v. *Mayor, etc., of N. Y.*, 20 Johns. 430; *People ex rel. A. & E. Plank Road Co.* v. *Freeman*, 3 Lans. 148.) This view was overruled, however, in *People ex rel. S. & U. H. Railroad Co.* v. *Betts* (55 N. Y. 600), where it was held that a statutory provision that a second report in condemnation proceedings should be " final and conclusive on all parties interested " was an " express prohibition of the statute " which barred common-law certiorari proceedings as well as any other proceeding for a review and correction of error. When, after this, the Code provided that certiorari proceedings were only barred " when expressly taken away by statute " it would seem that the revisers and the legislature must have had in view the decision in the *Betts* case that a provision that action should be final and conclusive was an " express prohibition " which covers certiorari proceedings.

There is, however, still more to be said in support of this interpretation of the present prohibition. In the case of *People ex rel. Uvalde A. Paving Co.* v. *Seaman* (217 N. Y.

70) this court said that the provisions of the New York
charter then in force did not provide that the action
of the board of revision should be final but that " where
a statute prescribes that a specified determination shall
be final and conclusive it is a bar as well to a review by
common-law certiorari as by appeal." (p. 75.) While
that statement was not strictly necessary to the decision
of the case then before the court it was a perfectly natural
corrolary to what was being decided and was not said
without consideration. After this expression by the
court the present provision for finality was adopted.
We have no doubt that actually the legislature had in
mind what had so recently been said by this court and
theoretically we must assume that it had in mind the
provision of the Code concerning writs of certiorari which
has been called to our attention. Under these circum-
stances and on such assumption we feel compelled to hold
that the legislature in adopting the provision for finality
and conclusiveness intended it as that express withdrawal
of the right to review by certiorari which is required by
the Code.

I also think the provision includes within its prohibition
against review the kind of questions which relator is seek-
ing to review and which under the interrogatories sub-
mitted to us we understand to involve rules governing the
subject of damages. We shall assume that this provision
excluding review even if not limited by its own terms to
the subject of damages would not prevent the considera-
tion on certiorari of questions of jurisdiction, fraud and
willful misconduct on the part of the officials composing
the boards. (*Matter of So. Boulevard R. R. Co.*, 143 N. Y.
253.) It is also true that relator's petition in words alleges
arbitrariness on the part of these officials. We think,
however, that the entire petition makes it clear that
her complaint is against prejudicial rulings resulting from
erroneous views of the law and facts rather than mis-
conduct which was corrupt, willful or intentionally dis-

regardful of relator's rights, and we shall proceed upon that theory.

It was undoubtedly the purpose of the statute to prevent review of such honest errors, so far as they affected damages. There would be little object in or result from a statute making the determination conclusive as to damages if its only meaning was that the award should only be conclusive when no possible error had crept into the computation and that it should not be conclusive if there was any such error. That interpretation would leave the award in pretty much the same status as it would have had if there had been no such provision. The theory and end of such an enactment are well understood. It embodies the policy that the greater good is sometimes served by making certain classes of decisions final and ending litigation even though in a particular case the individual is prevented by review from correcting some error which has injured him. The legislature doubtless yielded to this view in the case of this statute and we think a proper interpretation of its language forbids a review of the questions suggested by the Appellate Division. (*Matter of So. Boulevard R. R. Co.*, 143 N. Y. 253.)

That the legislature has the right, its action otherwise being valid and constitutional, to limit the right of appeal or review is too well settled to be the subject of any doubt. (*Railroad Co.* v. *Grant*, 98 U. S. 398; *Smith* v. *District Court, etc.*, 4 Colo. 235; *Grover* v. *Coon*, 1 N. Y. 536; *People* v. *Dunn*, 31 App. Div. 139; *Croveno* v. *Atlantic Ave. R. R. Co.*, 150 N. Y. 225.) This is true of its power to cut off the right to an appeal even in pending litigation. (*Railroad Co.* v. *Grant, supra; Smith* v. *District Court, etc., supra.*)

So we come to the consideration of the questions submitted concerning the constitutionality of this provision. We think that those questions involving constitutional provisions securing to respondent and her

intestate protection of property rights are largely merged in and covered by the question whether the provision which we are considering violates the constitutional provision defining the jurisdiction of the Supreme Court. If relator's claim was of a character which permitted the legislature to send it to the boards of assessors and of revision for hearing and determination, the claimant in other respects secured the protection of those fundamental features which were essential to a fair consideration of her rights. She was secured in the right to be heard fully and to produce evidence in support of her claim and to examine witnesses who might be called against her. The officials who heard her claim were not disqualified because selected by the city. Her claim was not against the city but if allowed was collected by assessment. Officials acting really as an auditing board are not condemned because they have been selected by the municipality or other division against which the claim is made. If it were otherwise a great many bodies passing in a judicial capacity on claims from the Board of Claims down, would be disqualified.

In the case of *Matter of City of Rochester* v. *Holden* (224 N. Y. 386) there was not being audited a claim against the city which it had voluntarily assumed, but as a party litigant it was seeking under the right of eminent domain to deprive a citizen of his property, and we held that the pertinent statutes did not provide for such an impartial and disinterested tribunal as was required before the right could be exercised.

So our inquiry in the end reaches the decisive and substantial question on this appeal whether the legislature in sending relator's claim to the boards in question for action violated the constitutional provision securing to the Supreme Court "general jurisdiction in law and equity." We do not think it did.

As was said in *De Hart* v. *Hatch* (3 Hun, 375, 380), often quoted with approval: "The terms used (of the

constitutional provision conferring jurisdiction upon the Supreme Court) are so comprehensive, that they include all cases of every description in law and equity, from the most important and complicated to the most simple and insignificant, and they imperatively and positively establish the court with that extended jurisdiction." Nevertheless there are very distinct limitations upon this jurisdiction. It does not extend to all kinds of claims. There are many familiar classes of these which may be sent to other tribunals for determination. The test and measure of its jurisdiction of a given claim or right is that the latter is litigable, that is, the subject of a suit or litigation in a court of law. If it is thus litigable it cannot be withdrawn from the jurisdiction of the Supreme Court and sent to another tribunal. If it is not litigable it may be thus sent elsewhere for decision. (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478, 488.) In creating a new right such as is the present claim if the legislature sees fit to clothe it with the attributes of an ordinary cause of action the jurisdiction of the Supreme Court will undoubtedly attach and its hearing and determination cannot be assigned to some other tribunal. On the contrary it seems to be perfectly clear that in creating such a new right the legislature in the exercise of its discretion may refuse to give it the character of a litigable claim subject to the jurisdiction of the Supreme Court and may provide for its hearing and determination by some other tribunal. Having the power to determine whether any claim shall exist at all, it has the power within wide limits to determine where the claim, if created, shall be heard. That seems to us to be the present case. At common law the relator and her intestate would have had no claim for damages arising from the change of grade in the street in front of the premises in question. By section 873 of the Consolidation Act (Laws of 1882, ch. 410) it was in effect provided that there should be such a claim for damages. But at the

same time the character of an ordinary cause of action was withheld from such claim and it was provided that it should be heard by the board of assessors and that the amount of any such award should be included in the expense of certain street proceedings. This status of the claim by one amendment after another has been preserved down to the present time and by such provisions the consideration of the claim has been withheld from the jurisdiction of the Supreme Court and the legislature has thus retained the power to forbid the right of review by such court by certiorari.

Especial emphasis is laid by the respondent upon the proposition that when this claim was created there was no provision preventing review by certiorari and that as the Supreme Court had general jurisdiction to review by that process the proceedings of subordinate tribunals, a jurisdiction attached to this claim which could not be annulled by a subsequent statute preventing such review. We think that this argument overlooks what is the fundamental consideration. If as we think the claim was of a nature which could be and was withheld from the jurisdiction of the Supreme Court we do not think that that court acquired an indestructible jurisdiction to review its determination practically on appeal by certiorari, but that the legislature had the right to declare that it should not be subject to such review. This proposition seems to us to be included in the one already discussed whether the right of review by appeal or otherwise could be cut off.

It seems to us that these views are sustained beyond serious debate by the case of *People ex rel. Swift* v. *Luce* (*supra*). That case involved the constitutionality of an act of the legislature abolishing the Court of Claims, terminating the terms of the judges thereof and creating a new tribunal to be known as the Board of Claims with commissioners to be appointed by the governor. It was claimed by the relators that the Court of Claims which

.it was thus sought to abolish was a constitutional court and its members constitutional judges and that, therefore, it was beyond the power of the legislature to abolish the former or terminate the terms of the latter. It was held otherwise, however, by a majority of the court, and writing therein Chief Judge CULLEN laid down the principles pertinent to that case and applicable to the present proceeding that the jurisdiction of the Supreme Court embraces litigable claims which are made the subject of a suit or litigation; that in making the state subject to private claims the legislature had created a new class of rights and that it undoubtedly might have given these the form of ordinary causes of action which would be the subject of litigation and within the jurisdiction of the Supreme Court; that if it had done this it would have been unconstitutional to attempt to confer upon another tribunal than the Supreme Court the power to hear and determine such claims; that the legislature, however, had avoided this difficulty by not giving such form to such claims and by assigning them to another tribunal to be heard and determined; that such tribunal did not thereby become a constitutional court but rather "only an auditing board and a quasi-judicial body" and, necessarily involved, could lawfully pass upon the claims committed to its jurisdiction.

We see no difference in principle between the question there being decided and the present one. Here as there the legislature has created a new kind of claim. It has not given to it the attributes of a litigable cause of action to which the exclusive jurisdiction of the Supreme Court would attach. It has instead assigned it, as was said in the case just cited, to what is only an auditing and quasi-judicial body. Subject to the doctrine of vested rights under such a claim, it doubtless could have abolished the existence thereof altogether and certainly it had the power to determine by what tribunal and with what

21 .

effect such a claim should be heard. (See, also, *People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301; 206 N. Y. 750; *Bullock* v. *Cooley,* 225 N. Y. 566.)

Therefore, we think that the questions certified to us must be answered in the negative, the orders appealed from reversed, with costs in all courts, and the motion to dismiss relator's proceeding granted.

COLLIN, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur; ELKUS, J., not sitting.

Orders reversed, etc.