Submitted on briefs. Appeal dismissed October 16, rehearing denied December 11, 1923.

# LIBBY *v.* SOUTHERN PACIFIC COMPANY.

(219 Pac. 604; 220 Pac. 1017.)

**Appeal and Error — Amount Demanded in Complaint and Controverted by Defendant is "Amount in Controversy."**

1. The amount demanded in the complaint and controverted by defendant is the "amount in controversy," within Section 548, Or. L., as amended by Laws of 1923, page 216, prohibiting appeal to the Supreme Court in actions to recover money or damages, unless it appears from the pleadings that the amount in controversy exceeds $250.

**Statutes—No Act Retrospective, Unless Clearly so Intended.**

2. No act will be held retrospective unless such intention is clearly apparent in the statute itself, which will be declared prospective, if fairly possible.

**Appeal and Error—Act Providing That No Appeal shall be "Allowed" Held to Forbid Appeal.**

3. Appeal to the Circuit and Supreme Courts in cases defined by law being a matter of right, without reference to permission, Laws of 1923, page 216, amending Section 548, Or. L., providing that no appeal to the Supreme Court shall be taken or "allowed" in actions to recover money or damages, unless it appears from the pleadings that the amount in controversy exceeds $250, forbids appeal in such cases.

Appeal and Error—Order Pursuant to Stipulation Extending Time for Filing Transcript After Time for Filing Does not Confer Jurisdiction on Supreme Court.

4. That an order by the circuit judge extending the time to file the transcript on appeal after the time allowed for the filing thereof, in violation of Section 554, Or. L., was made pursuant to a stipulation by the parties, did not confer jurisdiction on the Supreme Court.

Appeal and Error—Supreme Court Without Jurisdiction of Appeal, Where Transcript not Filed Until After Law Prohibiting Appeal Took Effect.

5. In view of Section 554, Or. L., requiring that appellant file his transcript within thirty days after perfection of the appeal in the manner provided by Section 550, in order to give the appellate court jurisdiction, Section 548, as amended by Laws of 1923, page 216, providing that no appeal to the Supreme Court shall be taken or "allowed" in actions for money or damages, unless it appears from the pleadings that the amount in controversy exceeds $250, prohibits further prosecution of an appeal in such a case, though "taken" and perfected before the amendment took effect where the transcript was not filed until afterward.

Courts—Later Utterance of Supreme Court Controls Inconsistent Earlier Decision.

6. A later utterance of the Supreme Court controls an earlier decision, so far as inconsistent.

From Marion: George G. Bingham, Judge.

In Banc.

Appeal Dismissed.    Rehearing Denied.

For appellant there was a brief over the names of *Mr. Ben C. Dey* and *Mr. Roscoe C. Nelson.*

For respondent there was a brief over the names of *Mr. L. W. Matthews* and *Mr. W. C. Winslow.*

BURNETT, J.—The plaintiff has moved to dismiss the defendant's appeal. A chronology of the events involved is as follows:

In the action to recover $250 as damages for the demolition of a truck belonging to the plaintiff's intestate, by one of the defendant's trains, the plaintiff recovered judgment for that amount on April 6, 1923.

On May 9th, following, the defendant served and filed its notice of appeal to the Supreme Court. On the 17th of the same month, the undertaking on appeal was served and filed. No objections to the sufficiency of the surety were ever filed. Chapter 153 of the General Laws of Oregon for 1923, amendatory of Section 548, Or. L., was passed and approved by the Governor February 21, 1923, without an emergency clause. The legislative assembly which passed the act adjourned February 22, 1923. This law became effective on and after ninety days from the end of the session at which the same was passed or, in this instance, on May 24, 1923. The amended section reads thus:

"Sec. 548. A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree, but no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

1. The amount in controversy in this action is $250 and not in excess thereof. This is settled by the amount of the judgment demanded in the complaint: *Troy* v. *Hallgarth,* 35 Or. 162 (57 Pac. 374); *Ferguson* v. *Blyers,* 40 Or. 468 (67 Pac. 1115, 69 Pac. 32). The plaintiff contends for $250. The defendant contro-

verts this demand and hence, that is the amount in controversy.

2. The doctrine of the case is that no act will be held to have a retrospective effect unless the intention in that respect is clearly apparent in the statute itself. On the contrary, if it is fairly possible to restrain the operation of the statute so as to be prospective, that course will be adopted by the courts: *Wist* v. *Grand Lodge,* 22 Or. 271 (29 Pac. 610, 29 Am. St. Rep. 603); *Smith* v. *Kelly,* 24 Or. 464, 473 (33 Pac. 642); *Portland* v. *Cook,* 48 Or. 550 (87 Pac. 772, 9 L. R. A. (N. S.) 733); *Drainage District* v. *Bernards,* 89 Or. 531 (174 Pac. 1167).

Giving this statute prospective effect, we come to the consideration of the clause,

"An appeal to the supreme court * * shall be taken by serving and filing notice of the appeal within sixty days from the entry of the judgment, order or decree appealed from or to the Circuit Court within thirty days after such entry, and not otherwise."

This definition does not include the matter of perfecting an appeal. That depends upon the filing of an undertaking and the waiver or overruling of objections to the sufficiency of the sureties on the undertaking. The appeal in question in which the notice of appeal was served and filed May 9, 1923, was "taken" before the statute took effect and so far as mere taking the appeal is concerned, defendant was well within its rights and if this were the sole question, the appeal should stand for hearing.

The word "allowed," however, is an additional element in the enactment and must have consideration. So far as appeals to the Supreme Court are concerned, this word does not have reference to permission to be granted by some officer or court.

"Under some statutes, either generally or in speci-
fied cases, even when an appeal is a matter of right
in the cases and under the conditions prescribed by
the statute, the appellant must, as a condition prece-
dent, apply for and obtain an order allowing the
appeal, while under other statutes an appeal may be
taken as a matter of right and without such allowance,
either generally or in particular cases." 3 C. J. 1078.

3. Under our statutes appeal to the Circuit and
Supreme Courts in proper cases as defined by the
laws is a matter of right without reference to permis-
sion to be granted by any officer or court: *Moore* v.
*Randolph,* 52 Ala. 530; *Nesbit* v. *Rodewald,* 43 Miss.
304; *Gove* v. *Gove,* 87 Vt. 468 (89 Atl. 868). The
meaning of "allowed" in this enactment is that the
law forbids and will not permit an appeal in the cases
described in the last clause of the amended section.
The question is whether the law affects the case made
by the mere taking of the appeal before the statute
went into effect.

4, 5. We have seen that the appeal was taken before
the amendment went into operation. Confessedly the
statute took effect on May 24th. The transcript, bill
of exceptions, testimony and exhibits were filed in this
court July 27, 1923. The plaintiff's abstract was filed
August 14, 1923. Section 550, Or. L., prescribes how
an appeal shall be taken and perfected and says that,
"From the expiration of the time allowed to except to
the sureties in the undertaking, or from the justifica-
tion thereof if excepted to, the appeal shall be deemed
perfected." Although the serving and filing the
notice of appeal and giving the undertaking on appeal
are essential steps towards the ultimate end of con-
ferring jurisdiction upon the supreme court, yet that
jurisdiction does not depend solely or sufficiently upon
those preliminary steps. Indeed, Section 550 does not

profess to confer jurisdiction. That is reserved for Section 554, Or. L., which reads thus in part:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise; * * "

Further provision of the same section permits the trial court or judge thereof, or this court or a justice thereof, to enlarge the time for filing the transcript or abstract with the express requisite that the order shall be made within the time allowed to file the transcript and shall not extend it beyond the term of the appellate court next following the appeal. According to the transcript on file herein, no order enlarging the time within which to file the same was made until July 13, 1923. The appeal was perfected with the expiration of May 23, 1923, no objection having been filed to the sufficiency of the undertaking lodged with the Circuit Court on May 17th. Normally, the time for filing the transcript in this court would expire June 24th. The order of July 13th enlarging the time to file the transcript was therefore too late because not made within the time allowed by the statute within which the transcript must be filed. It is true this order was made by the circuit judge in pursuance of a stipulation signed by the parties but it has been uniformly held that jurisdiction cannot be conferred by consent.

Even giving the statute only prospective effect, it must be held to apply to all the essentials yet to be performed after the act goes into force. This is manifest because of the prescriptive phrase relating to the filing of transcript. The statute says, ''the appellant shall'' file with the clerk of the appellate court the transcript within thirty days after the perfection of the appeal and the clause concludes with this further mandatory language:

''and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise.''

In *Railroad Co.* v. *Grant*, 98 U. S. 398 (25 L. Ed. 231, see, also, Rose's U. S. Notes), an appeal had been taken and was actually pending for hearing in the Supreme Court of the United States in a case where the matter in dispute was of the value of $2,250. At this stage of the proceedings Congress enacted a law to the effect that a judgment or decree of the Supreme Court of the District of Columbia might be re-examined ''where the matter of dispute exceeds the value of $2,500.'' After discussing the situation, Mr. Chief Justice WAITE said:

''It is equally well settled that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law. * *

''The act of 1879 is undoubtedly prospective in its operation. It does not vacate or annul what has been done under the old law. It destroys no vested rights. It does not set aside any judgment already rendered by this court under the jurisdiction conferred by the Revised Statutes when in force. But a party to a suit has no vested right to an appeal or writ of error from one court to another. Such a privilege once granted may be taken away, and if taken away, pending proceedings in the appellate court stop just where the rescinding act finds them, unless special provision is made to the contrary. The Revised Statutes gave

parties the right to remove their causes to this court by writ of error and appeal, and gave us the authority to re-examine, reverse, or affirm judgments or decrees thus brought up. The repeal of that law does not vacate or annul an appeal or a writ already taken or sued out, but it takes away our right to hear and determine the cause, if the matter in dispute is less than the present jurisdictional amount. The appeal or the writ remains in full force, but we dismiss the suit, because our jurisdiction is gone."

The rule is thus stated by Mr. Chief Justice BEAN in *State* v. *Ju Nun,* 53 Or. 1, 8 (98 Pac. 513, 514):

"It is settled that the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction. 1 Lewis, Sutherland's Statutory Construction, 553, 554; *Ex parte McCardle,* 7 Wall. (U. S.) 506 (19 L. Ed. 264); *Insurance Co.* v. *Ritchie,* 5 Wall. (U. S.) 541 (18 L. Ed. 540); *Sherman* v. *Grinnell,* 123 U. S. 679 (8 Sup. Ct. Rep. 260, 31 L. Ed. 278, see, also, Rose's U. S. Notes); *Keller* v. *State,* 12 Md. 322 (71 Am. Dec. 596); *State* v. *Allen,* 14 Wash. 103 (44 Pac. 121); *Mahoney* v. *State,* 5 Wyo. 520 (42 Pac. 13, 63 Am. St. Rep. 64); *Aaron* v. *State,* 40 Ala. 307; *Higginbotham* v. *State,* 19 Fla. 557."

In the case of *Ex parte McCardle,* 7 Wall. (U. S.) 506 (19 L. Ed. 264, see, also, Rose's U. S. Notes), cited in Ju Nun's case, Mr. Chief Justice CHASE, speaking of the effect of amendatory statutes on jurisdiction of the court, said:

"We are not at liberty to inquire into the motives of the legislature. We can only examine into its power under the Constitution; and the power to make exceptions to the appellate jurisdiction of this court is given by express words.

"What, then, is the effect of the repealing act upon the case before us? We cannot doubt as to this. Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle."

In *McNulty* v. *Batty,* 10 How. (U. S.) 72 (13 L. Ed. 333, see, also, Rose's U. S. Notes), an appeal had been perfected from the judgment of the territorial court of Wisconsin and was pending in the United States Supreme Court when Wisconsin was admitted to the Union as a state. The act admitting the state provided for transfer to the United States courts of all cases within their constitutional jurisdiction but was silent as to those properly within the jurisdiction of state courts though pending in the United States Supreme Court on appeal from the territorial courts. The appeal was dismissed, the court acting on the authority of *United States* v. *Boisdore,* 8 How. (U. S.) 121 (12 L. Ed. 1009, see, also, Rose's U. S. Notes), saying in the language of the last-mentioned case:

"that as this court can exercise no appellate power over cases, unless conferred upon it by act of Congress, if the act conferring jurisdiction has expired, the jurisdiction ceases, although the appeal or writ of error be actually pending in the court at the time of the expiration of the act."

*Callahan* v. *Jennings,* 16 Colo. 471 (27 Pac. 1055), was an instance where the statute under which the appeal was taken was repealed and, although the case was pending in the Supreme Court at the time of the repeal, that court said:

"This brings us to the main contention in the present case, viz.: That the section above mentioned under which the appeal was prosecuted was repealed before

the cause was called for trial in the district court. If this be true, and if there is no saving clause in the act, the appeal, provided it was purely a statutory right, fell, and the court was left without jurisdiction save to enter the order of dismissal. 'A statutory right to have cases reviewed on appeal may be taken away by a repeal of the statute, even as to causes which have been previously appealed.' Cooley's Const. Lim., § 474; Sedgwick on Stat. Construction, pp. 108–116, notes; *Ex parte McCardle,* 7 Wall. (U. S.) 506 (19 L. Ed. 264, see, also, Rose's U. S. Notes). The principle applies to causes pending on appeal for trial *de novo* as well as to those taken up for review."

In *Wallace* v. *Pecos & N. T. R. Co.,* 50 Tex. Civ. App. 296 (110 S. W. 162), it was held that:

"Statutes of procedure operate upon all pending litigation from the time they go into effect, unless otherwise provided therein."

It is said in *Texas Refining Co.* v. *Alexander* (Tex. Civ. App.), 202 S. W. 131:

"When a new statute deals with procedure only, *prima facie* it applies to all actions, those which have accrued, or are pending, and future actions. The amendment takes the place of the former statute and in effect replaces it."

*People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309 (127 N. E. 402), lays down the rule thus:

"Where its action is otherwise valid and constitutional, the legislature has the right to limit the right of appeal or review and may cut off the right to an appeal even in pending litigation."

So here, although the removal of the case into this court had progressed so far as the perfection of the appeal, yet that did not give this court jurisdiction to re-examine the cause for even after that, the appeal might be abandoned. It yet remained, after the amendatory act went into effect, for the defendant to

take the final step towards granting jurisdiction to this court that of filing the transcript within thirty days after the perfection of the appeal. Although the defendant had come to this court with its transcript within that period, and had offered to file the transcript, it would have met with the legislative declaration that no appeal shall be allowed in an action of this kind. In the words of *Railroad Co.* v. *Grant, supra:*

"The pending proceedings in the appellate court stop just where the rescinding act finds them."

6. The defendant relies principally upon the *per curiam* opinion in *Catterlin* v. *Bush,* 39 Or. 496 (59 Pac. 706, 65 Pac. 1064), refusing to dismiss an appeal because the transcript had not been filed within the time prescribed by a statute which took effect after the appeal had been perfected. That case, however, discussed only the proposition that the law was prospective in its operation and did not treat of the matter of jurisdiction. The decision was made to depend entirely upon the perfection of the appeal. Moreover, as the statute then stood, there was no language in it forbidding an appeal in any particular class of actions while in its present form the amended enactment forbids any appeal whatever in the class of cases mentioned. Viewed in the light of *Catterlin* v. *Bush,* the question then was one of mere procedure. Now it is one of jurisdiction. Besides all this the rule in the Ju Nun case is a later utterance of the court and controls *Catterlin* v. *Bush* so far as they are inconsistent.

While we cannot impute retrospective effect to the law as to acts performed before May 24, 1923, we cannot deny its restrictive authority over those to be performed after that date. It would be impossible to adjudicate the rights involved without a record before

us and the legislature has wisely made the filing of it an essential condition precedent to the exercise of jurisdiction by this court. Meanwhile, the legislative power has forbidden such an appeal which stops the proceeding at the stage to which it had arrived when the amendment went into force.

All we can do under the conditions detailed in the history of this case is to dismiss the appeal. It is so ordered.          Appeal Dismissed.

---

Rehearing denied December 11, 1923.

On Petition for Rehearing.

(220 Pac. 1017.)

For the motion, *Mr. Ben C. Dey, Mr. Roscoe C. Nelson* and *Mr. C. J. Young.*

*Contra, Mr. L. W. Matthews* and *Mr. W. C. Winslow.*

McBRIDE, C. J.—The petition for rehearing in this case is based principally upon the fact that an order extending appellant's time to file a transcript in this court was actually made and entered in the Circuit Court on May 31, 1923, and that such order was inadvertently omitted by the clerk of the Circuit Court in sending up his transcript. We now have the order here, and it may be conceded that the transcript was filed in time; but this does not affect the validity of the appeal.

The remedy by appeal is not a constitutional right, but a statutory privilege in which nobody has a vested right. Such remedy may be taken away by appropriate legislation at any time before a final hearing, and,

as abundantly shown by Mr. Justice BURNETT in the principal opinion herein, such was the effect of Chapter 153 of the General Laws of Oregon for 1923. To make our position absolutely clear we will say that, if the case had been properly appealed and set down regularly for trial, and in the meantime the act cited had gone into effect only one day before the date appointed for hearing, that fact would have ousted us of jurisdiction to hear the appeal: See *Ex parte McCardle,* 7 Wall. (U. S.) 506 (19 L. Ed. 264); *Railroad Co.* v. *Grant,* 98 U. S. 398 (25 L. Ed. 231, see, also, Rose's U. S. Notes), and other cases cited in the principal opinion.

The petition for rehearing is denied.

REHEARING DENIED.