On motion to dismiss appeal. Appeal dismissed March 4, 1924.

# EMMA R. DRINKER, EXR., ET AL., *v.* RITTER, LOWE & CO.

### (223 Pac. 725.)

**Appeal and Error—Statute, Limiting Appeal to Supreme Court to Controversies Exceeding $250, Applicable to All Cases Pending When Statute Became Effective.**

Section 548, Or. L., as amended by Laws of 1923, page 216, providing that no appeal shall be taken to the Supreme Court or allowed in any action for the recovery of money or damages unless the amount in controversy exceeds $250, is applicable to all cases pending in the Supreme Court at the time the statute went into effect, where the amount in controversy was less than $250.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

[APPEAL DISMISSED.

For the motion, *Messrs. Perkins & Bailey.*

*Contra, Mr. W. B. Shively.*

McBRIDE, C. J.—This is a motion to dismiss an appeal. The amount involved is less than $250. The appeal was taken and perfected in May, 1922. Appellant's abstract was filed June 28, 1922, and briefs of respective counsel were filed shortly thereafter. There is no ground for the assumption that counsel have been dilatory in any respect.

In 1923, and before the case could have been heard here in its order upon the docket, the legislature amended Section 548, Olson's Oregon Laws, to read as follows:

"Sec. 548. Judgment or Decree, When Appealable.—A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as

to prevent a judgment or decree therein, or an inter-
locutory decree in a suit for the partition of real
property, defining the rights of the parties to the suit
and directing sale or .partition, or a final order af-
fecting a substantial right, and made in a proceeding
after judgment or decree, or an order setting aside
a judgment and granting a new trial, for the purpose
of being reviewed on appeal, shall be deemed a judg-
ment or decree, but no appeal to the supreme court
shall be taken or allowed in any action for the re-
covery of money or damages only unless it appears
from the pleadings in the case that the amount in
controversy exceeds $250." [Chapter 153, General
Laws of Oregon for 1923.]

In *Libby* v. *Southern Pacific*, 109 Or. 449 (219 Pac.
604), we had occasion critically to examine this act,
and there expressed the opinion, in substance, that it
applied to all cases then pending and undisposed of
in this court, where the amount in controversy was
less than $250. While in that case the transcript had
not yet been filed, it was stated:

" * * Although the defendant had come to this
court with its transcript within that period, and had
offered to file the transcript, it would have met with
the legislative declaration that no appeal shall be al-
lowed in an action of this kind. In the words of
*Railroad Co.* v. *Grant, supra* [98 U. S. 398 (25 L. Ed.
231, see, also, Rose's U. S. Notes)].

" 'The pending proceedings in the appellate court
stop just where the rescinding act finds them.' "

We were then, and are now, of the opinion that
the statute deprives us of jurisdiction to hear or de-
termine any appeal in cases of the character men-
tioned, even though otherwise perfect, from the very
moment the statute went into effect. Its effect was
not retrospective as to our jurisdiction to hear the
appeal; that was a matter of present moment, and the
statute swept it away. This view is sustained by the

authorities cited by Mr. Justice BURNETT in *Libby* v. *Southern Pacific, supra; Railroad Co.* v. *Grant,* 98 U. S. 398 (25 L. Ed. 231); *Ex parte McCardle,* 7 Wall. (U. S.) 506 (19 L. Ed. 264); *McNulty* v. *Batty,* 10 How. (U. S.) 72 (13 L. Ed. 333, see, also, Rose's U. S. Notes); *Callahan* v. *Jennings,* 16 Colo. 471 (27 Pac. 1055); *Wallace* v. *Pecos & N. T. Ry. Co.,* 50 Tex. Civ. App. 296 (110 S. W. 162); *People ex rel Crane* v. *Hahlo,* 228 N. Y. 309 (127 N. E. 402).

The appeal must be dismissed, and it is so ordered.

APPEAL DISMISSED.