## HARTLEY v. UTAH CONST. CO.
### No. 8978.

Circuit Court of Appeals, Ninth Circuit.
Oct. 26, 1939.

954

Wm. P. Lord, T. Walter Gillard, and Ben C. Fleischman, all of Portland, Or., and R. L. Whipple, of Roseburg, Or., for appellant.

Wilbur, Beckett, Howell & Oppenheimer and Calvin N. Souther, all of Portland, Or., for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appeal has been taken from an order granting a motion to quash service of summons in an action brought by appellant to recover for personal injuries sustained by her in an automobile accident, alleged to have been caused by the negligence of appellee.

Appellee is a Utah corporation, and was the owner of a Buick automobile which was being operated by one Lawler, its vice-president, on September 9, 1936, in Oregon. Lawler and his wife, who was an occupant of the automobile, were both residents of California. The accident occurred on the date mentioned in which there was a collision of appellee's automobile, driven by Lawler, with an automobile owned and being operated by appellant's husband while appellant was an occupant therein. Lawler died on December 21, 1936.

On February 3, 1937, appellant filed an action in a state court of Oregon against appellee alleging that the injuries she sustained in the above mentioned accident were caused by appellee's negligence. Summons was issued, and a copy thereof was served on the Secretary of State of Oregon on February 8, 1937, pursuant to Oregon Code Annotated § 55-402, which provided in part:

"The acceptance by a nonresident of the rights and privileges conferred by the laws of the state of Oregon to use the roads, highways and streets of this state, as evidenced by his operating a motor vehicle thereon, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the state of Oregon * * to be his true and lawful attorney, upon whom may be served all lawful summons and processes against him growing out of any accident * * * in which said nonresident may be involved while operating a motor vehicle upon such highway; and said acceptance or operation shall be a signification of his agreement that any summons or process against him which is so served shall be of the same legal force and validity as if served on him personally within the state of Oregon. * * *"

The statute further provided that service of process should be made on the Secretary of State of Oregon, and required notice of such service to be sent by registered mail or by personal service of process outside the State of Oregon. Personal service of process was made on appellee in Utah on February 19, 1937. Lawler's wife died on the latter date.

The cause was removed to the court below on appellee's petition. Appellee then moved to quash service of summons on the ground that the statute quoted applied only to non-residents personally operating an automobile in Oregon. The court below on May 13, 1938, granted the motion and quashed the attempted service of summons. This appeal followed.

We think the court below was right in quashing the service of process. Laws of Oregon, 1939, Ch. 499, p. 1028, amended the statute above quoted so as to include a nonresident, whose automobile is being operated in Oregon "on his or its behalf". The legislature thus "demonstrated an intent to change the pre-existing law, and the presumption must be that it was intended to change the meaning of the statute in all particulars wherein there is a material change in the language of the amended act." Rieger v. Harrington, 102 Or. 603, 613, 203 P. 576, 580.

 After enactment of the above statute, appellant moved the court that the appeal be affirmed with leave to appellant to apply to the clerk of the court below for issuance of a new summons. The motion is based on the contention that the statute "is remedial and does not impair vested rights" and should be retroactively applied. The question as to whether or not the statute impairs vested rights is pertinent only if the statute is to be applied retroactively. The rule in Oregon is:

"* * * no act will be held to have a retrospective effect, unless the intention in that respect is clearly apparent in the statute itself. On the contrary, if it is fairly possible to restrain the operation of the statute so as to be prospective, that course will be adopted by the courts.* * *" Libby v. Southern Pac. Co., 109 Or. 449, 452, 219 P. 604, 605, 220 P. 1017.

Nothing in the act requires that it be applied to pending cases. Applying the rule announced in Libby v. Southern Pac. Co., supra, we hold that the statute is not applicable to the instant case, and therefore the motion is denied. See also: Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445; Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380; Ashley v. Brown, 198 N.C. 369, 151 S.E. 725.

Affirmed.

HEALY, Circuit Judge (concurring).

I concur in the affirmance and agree that appellant's motion cannot be granted, but I think we have no power to pass on the merits of the latter.

Our jurisdiction in this matter is purely appellate. The only question with which we have authority to deal is the propriety of the order appealed from. It is not contended that the amendment to the statute validated the service already made. In effect, appellant's motion seeks from this court a declaratory judgment concerning the scope of the statute as amended. We have no power to grant such relief.

If, when the case goes back, service is sought under the amended statute, we may, on appeal from any action taken by the lower court, determine the propriety of such action. We can not, I think, do so in advance.