In the Matter of the Application of HENRY W. MUMM, Petitioner, for an Order of Certiorari Directed to THOMAS W. WHITTLE and Another, Composing the Board of Assessors of the City of New York, and JOSEPH D. McGOLDRICK and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents.

First Department, June 20, 1935.

*Joseph B. Kenny* of counsel [*Harry B. Chambers* and *Harry H. Chambers* with him on the brief; *Chambers & Chambers*, attorneys], for the petitioner.

*Alfred D. Jahr* of counsel [*Paul Windels, Corporation Counsel*], for the respondents.

PER CURIAM. Petitioner filed a claim before the board of assessors for damage to his property on Layton avenue by reason of change of grade of said avenue, and a hearing thereon was had and testimony taken. Thereafter the board reported that it had considered the evidence and personally inspected the property; that it was of opinion, and so ruled, that petitioner's building when erected did not bring itself within the provision of section 951 of the Greater New York Charter, and that all papers had been sent to the board of revision of assessments.

The board of revision did not act upon the assessment list sent to it by the assessors until after receipt of a letter from petitioner's attorney requesting it to confirm the report of the assessors at once in order that petitioner might not be delayed in instituting the necessary court proceedings. Thereafter the board of revision confirmed said assessment list.

Petitioner then sued out the order of certiorari now before this court to review the action of said two boards. The respondents moved to dismiss the order on the ground that under the charter (§§ 944, 950) the confirmation by the board of revision was final and conclusive on all parties, citing *People ex rel. Crane* v. *Hahlo* (228 N. Y. 309). Said motion was denied, and on appeal this court affirmed the order denying the motion (243 App. Div. 594).

Respondents again urge that this court is prohibited by the charter from reviewing the determination of the boards. The case relied upon and cited (*supra*), however, expressly holds that the provisions of the charter do not prevent the consideration on certiorari of questions of jurisdiction. The proceedings before the board of assessors showed that petitioner's property had been damaged by a change of grade. The failure of the board, therefore, to ascertain and assess the same was a refusal on its part to assume

jurisdiction to do so because, in its opinion, the premises did not come within the provisions of the charter. Hence, the question here is, whether the provisions of section 951 of the charter did confer upon said board the power to ascertain and assess the damage claimed by the petitioner to his property.

In 1921 petitioner became the owner of certain premises on the north side of Layton avenue, between Kearney avenue and Eastern boulevard, borough of The Bronx. At that time there had been on file since 1916 a map showing the change of lines and grades within the territory embracing said premises, to provide for the discontinuance and closing of Throg's Neck boulevard. Said map showed that the existing grade on Layton avenue at Kearney avenue was nine feet below the filed grade, and that at Eastern boulevard it was four inches below the filed grade. The map thus showed that it was the intention to grade Layton avenue by raising the level of the street nine feet at the corner of Kearney avenue, and four inches at the corner of Eastern boulevard. It gave no other indication of what change of grade would be made in Layton avenue between those points, but showed that the Eastern boulevard corner would be five feet four inches higher than the Kearney avenue corner. The distance westerly along Layton avenue from Eastern boulevard to Kearney avenue is 172.28 feet.

After acquiring the property, petitioner obtained a permit to erect a building thereon extending thirty-six and forty-two one-hundredths feet on Eastern boulevard and sixty-nine and fifty-six one-hundredths feet on Layton avenue, and constructed said building in accordance with plans approved by the building department. The architect testified that the building is located at least two feet above the 1916 grade, or, allowing for pitch of the sidewalk, what might be termed level with the filed grade as approved at that time. This assumes that the filed map, showing the grade only at the Eastern boulevard and Kearney avenue corners, furnished notice of the grade between those points; and petitioner contends that such construction was in conformity with the grade of Layton avenue as then established.

Layton avenue, however, was never graded in accordance with the map filed in 1916, and in May, 1923, after petitioner's building was erected, a grade map was filed changing the grade, and thereafter Layton avenue was regulated and graded in accordance therewith. This resulted in the lowering of the grade in front of petitioner's property about one and a half feet.

Section 951 of the charter provides: "An abutting owner who has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful author-

ity, and such grade is changed after such buildings or improvement have been erected, and the lessee thereof, shall be entitled to damages for such change of grade."

Petitioner contends that, although the 1916 map showed the grade only by figures placed at the street intersections, thus making it impossible for him to construct his building so that it would correspond at all points with the grade if and when physically made in accordance with said map, yet, giving the above-quoted language of section 951 a reasonable construction, it should be held that he did build " in conformity " with the established grade and, consequently, that he was entitled to damages for the change of grade subsequently carried out.

We are of opinion that such contention is sound, if any damage was proved. If so, then, since the assessors, without ruling that there was or was not any damage to the property, held in effect that petitioner's claim was not one in which under the charter they could make an award, this proceeding by certiorari is authorized. Sections 944 and 950 of the charter make only the confirmation of an award by the assessors final and conclusive upon all parties, but do not attempt to deprive the Supreme Court of its power to review a ruling of the board that the law will not permit them in a given case to function as assessors.

If, however, the view entertained by respondents is correct, that petitioner has not proved that at the time of the erection of his building it was constructed in conformity with the legally established grade of the street, it must be because there was at that time no legally established grade by reason of the fact that the 1916 map did not show what the grade on Layton avenue actually was except at the cross streets.

Section 951 of the charter further provides: "An owner who has built upon or otherwise improved his property prior to the original establishment of a grade by lawful authority and the lessee thereof, shall be entitled to damages caused by the grading of the street in accordance with such established grade."

Therefore, assuming that the 1916 map did not establish the grade of Layton avenue between the cross streets, because the figures showing the filed grade were given only for the street corners, then the filing of the 1923 map was the original establishment of a grade by lawful authority, and petitioner's prior building upon his property entitled him to damages caused by the grading of the street in accordance with such established grade subsequently made. Thus, necessarily, under one theory or the other, petitioner's building when erected was within the provisions of section 951, and under said section the assessors were required to ascertain and

assess the damage caused to such property by the change of grade thereafter established.

As it appears that the assessors failed to do this, it follows that the order of certiorari should be sustained, with fifty dollars costs and disbursements, the determination of said board annulled, and the proceeding remitted to the board of assessors for the purpose of ascertaining and assessing the damages to the buildings and improvement of the petitioner.

Present — MARTIN, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.; MERRELL, J., dissents and votes to confirm determination and dismiss certiorari order.

Order of certiorari sustained, determination of the respondents annulled, with fifty dollars costs and disbursements to the petitioner, and proceeding remitted to the board of assessors for the purpose of ascertaining and assessing the damages to the buildings and improvement of the petitioner.