OPINION OF THE COURT
Michael D. Stallman, J.
In this CPLR article 78 petition, a labor union contests the determination of the Comptroller of the City of New York with respect to the 2009-2010 prevailing wage schedules for asphalt raker, tamper, and screenperson, micropaver, i.e., those who perform asphalt work. The Comptroller cross-moves to dismiss the petition.
Background
Article I, § 17 of the New York State Constitution declares that
“[n]o laborer, worker or mechanic, in the employ of a contractor or sub-contractor engaged in the performance of any public work, shall be . . . paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used.”
Labor Law § 220 implements this constitutional mandate. Labor Law § 220 (5) (a) requires a fiscal officer to determine, annually, the “prevailing rate of wage” no later than 30 days prior to July 1st of each year. For the City of New York, the fiscal officer who sets and enforces prevailing wage rates is the Comptroller of the City of New York.
Labor Law § 220 (5) (a) defines the “prevailing rate of wage” as
“the rate of wage paid in the locality, as hereinafter defined, by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector, performing public or private work provided that said employers employ at least thirty per centum of workers, laborers or mechanics in the same trade or occupation in the locality where the work is being performed.”
On July 1, 2009, the Comptroller published the prevailing rate of wages schedule in the City Record. Petitioner’s excerpt *285 of the prevailing rate of wages schedule appears to indicate that the Comptroller set the rates of paver and roadbuilder — asphalt raker, tamper, and screenperson, micropaver[1] according to the collective bargaining agreement of the Sheet and Asphalt Workers Local 1018 of the Pavers and Road Builders District Council, Laborers International Union of North America (Local 1018).[2] (Verified petition, exhibit A.) Local 1018 has a collective bargaining agreement with the General Contractors Association of New York for the paving, site and grounds improvement, and road building work in New York City, as defined in the collective bargaining agreement. (See Local 1018 answer, exhibit N.)
However, petitioner Local 175, United Plant and Production Workers, IUJAT (Local 175), contends that it is now the predominant union for asphalt pavers in the five boroughs of New York City. Thus, Local 175 argues that the Comptroller should have set the prevailing wage and supplemental benefits according to Local 175’s collective bargaining agreement, the rates of which are purportedly two dollars higher than the hourly wages paid to Local 1018’s asphalt workers.
Discussion
The Comptroller cross-moves to dismiss the petition for lack of standing. According to the Comptroller, the Legislature permitted only employers to challenge prevailing wage rate determinations. In opposition, Local 175 relies upon Justice Lo-bis’s decision in Matter of International Union of El. Constructors Local No. 1, AFL-CIO v Thompson (22 Misc 3d 1136[A], 2009 NY Slip Op 50466[U] [2009]), which rejected this argument.
To determine whether petitioner has standing to seek review of an administrative determination, the court must consider three factors:
“(1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced;
(2) the administrative decision for which review is sought must be shown to have a harmful effect upon *286 the party asserting standing; and (3) there must, be no clear legislative intent negating review.” (Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442-443 [1983].)
Here, as discussed above, Labor Law § 220 (5) (a) requires the Comptroller of the City of New York to set annually the prevailing wage rates of workers, laborers and mechanics on public works for the City of New York. Labor Law § 220 (6) provides, in pertinent part, that “[a]n employer may contest a determination by the fiscal officer under paragraphs a and c of subdivision five of this section.”
“That the legislature has the right, its action otherwise being valid and constitutional, to limit the right of appeal or review is too well settled to be the subject of any doubt.” (People ex rel. Crane v Hahlo, 228 NY 309, 317 [1920].) Here, as the Comptroller indicates, the Legislature permitted only an employer to contest the prevailing wage rate determination, not labor organizations.
“[T]he specific mention of one person or thing implies the exclusion of other persons or thing. As otherwise expressed, where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, Comment, at 411-412.)
Thus, the Legislature must have intended that labor unions not be permitted to challenge prevailing wage rate determinations.
Local 175 points out that Justice Lobis rejected the lack of standing argument in Matter of International Union of El. Constructors Local No. 1, AFL-CIO v Thompson (22 Misc 3d 1136[A], 2009 NY Slip Op 50466[U] [2009], supra). There, the International Union of Elevator Constructors Local No. 1 (Local 1) challenged the prevailing wage determination of the Comptroller, who used the rates set forth in the collective bargaining agreement of Local 3 of the International Brotherhood of Electrical Workers (Local 3).
Justice Lobis rejected the argument that Local 1 lacked standing to challenge the Comptroller’s determination of the prevailing wage rates. Justice Lobis reasoned, “Local 1 has standing, since it is challenging the determination by the Comptroller that Local 3 is the predominant union; Local 1 is not bringing a private right of action for a violation of Labor Law § 220, for *287 which it would not have standing.” (International Union of El. Constructors Local No. 1, 2009 NY Slip Op 50466[U], *4.)
This court declines to follow Justice Lobis’s decision. “Calculation of the prevailing rate entails a two-step process. First, the Commissioner must classify the work by assigning the task performed by an employee to a specific trade or occupation. Second, the Commissioner must ascertain the prevailing rate for that trade or occupation in the relevant locality.” (Matter of Lantry v State of New York, 6 NY3d 49, 54 [2005] [citations omitted].) The determination of which union’s collective bargaining agreement may be used to set the prevailing wage rate is part of the second step of the process. It is not a determination that is independent of this two-step process, which would thus, in itself, be subject to judicial review. Thus, a determination of which union is the “predominant union” for the prevailing wage rate would not be a final determination in and of itself.
Justice Lobis apparently believed that, in ascertaining the prevailing rate for that trade or occupation, the Comptroller necessarily chose the collective bargaining agreement of the “predominant union,” i.e., the union which has the most members of the particular trade or occupation in question. However, this court would like to note that “Labor Law § 220 is silent as to the means of determining which prevailing wage rate should apply where, as here, the trade in question is covered by more than one collective bargaining agreement.” (Matter of New York Tel. Co. v New York State Dept. of Labor, 272 AD2d 741, 744 [3d Dept 2000].) In defining the “prevailing wage rate,” Labor Law § 220 (5) (a) requires only that the employers represented in the collective bargaining agreement employ a minimum of 30% of the “workers, laborers or mechanics in the same trade or occupation in the locality where the work is being performed.” Nothing in the statute expressly requires the fiscal officer to set, as the prevailing wage rate, the one collective bargaining agreement that covers the greatest percentage of workers in the locality.
This court also disagrees with Justice Lobis’s reasoning that the sole test of whether a party may challenge the Comptroller’s prevailing wage determination must be based on whether that party is asserting a violation of Labor Law § 220, i.e., that the workers were not paid the prevailing rate of wages. Labor Law § 220 (6) grants an employer the right to challenge a prevailing wage rate determination. In doing so, the Legislature did not confer upon the employer a private right of action for a *288 violation of Labor Law § 220. On the contrary, in a common scenario, the employer is contesting the Comptroller’s prevailing wage rate determination because the Comptroller has determined that the employer has not paid its workers in accordance with the prevailing wage rate schedule. (See e.g. Matter of Lantry v State of New York, 6 NY3d 49 [2005], supra [during an audit, the Commissioner concluded that the employer should have paid the prevailing wages of ironworkers].) Thus, in such a scenario, the challenge to the Comptroller’s determination is a defense to the Comptroller’s determination that the employer has violated the statute.
Vesting the right to contest the prevailing wage determinations in an employer, rather than in labor organizations, comports with the concerns of the standing doctrine. As Local 1018 points out, the employers that are parties to Local 175’s collective bargaining agreement would be contractually required to pay according to the schedule established in Local 175’s collective bargaining agreement, the rates of which are higher than those in the schedule that the Comptroller promulgated. Local 175’s challenge really concerns only those situations where an employer is not a party to Local 175’s collective bargaining agreement. Thus, it is not necessarily true that Local 175 would suffer injury in fact from the Comptroller’s prevailing wage rate determinations. Because the injury in fact to Local 175 would occur (if at all) only where an employer is not a party to its collective bargaining agreement, then it would make sense to examine the challenge to a prevailing wage rate determination from the perspective of the employer, not of labor organizations.
Therefore, petitioner does not have standing to challenge the Comptroller’s prevailing wage rate determinations. Because petitioner does not have standing, the court does not address the arguments of whether Local 175 or Local 1018 is, in fact, the “predominant union,” i.e., the union that has the most members.
Conclusion
Accordingly, it is hereby ordered that the cross motion by respondent William C. Thompson, Jr., as Comptroller of the City of New York is granted; and it is further adjudged that the petition is denied and the proceeding is dismissed.

. Respondent Local 1018 contends that “Screenperson, Micropaver” should be “Screedperson.” The classification is spelled as it appears in the City Record.

. Since the publication of the prevailing wage rate schedule, Local 1018 has merged into Highway Road and Street Construction Laborers Local 101. Because the wage determination at issue was made prior to the merger of the unions, the court will refer to the respondent as Local 1018.